**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| ULTRAVISION TECHNOLOGIES, LLC,<br><br>                    Plaintiff,<br><br>          v.<br><br>GOVISION, LLC<br><br>                    Defendant. | Case No. 2:18-cv-00100-JRG-RSP<br>LEAD CASE |
| ULTRAVISION TECHNOLOGIES, LLC,<br><br>                    Plaintiff,<br><br>          v.<br><br>SHENZHEN ABSEN OPTOELECTRONIC CO., LTD. ET AL.<br><br>                    Defendants. | Case No. 2:18-cv-00112-JRG-RSP<br>MEMBER CASE |

**<u>MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT UNDER RULES 12(b)(2), 12(b)(3) AND 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE, OR IN THE ALTERNATIVE TO TRANSFER, AND MEMORANDUM IN SUPPORT</u>**

# TABLE OF CONTENTS

I.     INTRODUCTION ................................................................................1

II.    STATEMENT OF RELEVANT FACTS ................................................3

III.   LEGAL STANDARD / ARGUMENT ...................................................5

    A.    Venue is Improper and Dismissal or Transfer is Appropriate ..............5

    B.    This Court Lacks Personal Jurisdiction over Absen Opto .................7

    C.    The Court Should, Alternatively, Transfer under 28 U.S.C. §§ 1406(a) and 1404(a) For Convenience And In The Interest Of Justice ...............................................................................11

        1.    Ultravision Could Have Brought The Case In The Middle District of Florida ...........................................12

        2.    The Private-Interest Factors Weigh In Favor Of Transfer .....................13

            a.    Plaintiff's Forum Preference .....................................13

            b.    Defendants' Forum Preference ...................................13

            c.    Whether The Claim Arose Elsewhere.........................13

            d.    Convenience Of The Parties .....................................14

            e.    Convenience Of The Witnesses .................................14

            f.    Location Of Books And Records ...............................14

        3.    The Public-Interest Factors Weigh In Favor Of Transfer .....................15

            a.    Enforceability Of The Judgment................................15

            b.    Practical Considerations That Could Make Trial Easy, Expeditious, Or Inexpensive ...........................15

            c.    Administrative Difficulty Resulting From Court Congestion ...........................................................16

            d.    Local Interest In Deciding Local Controversies At Home...............................................................16

            e.    Public Policies Of The Fora......................................16

            f.    Familiarity With Applicable State Law In Diversity Cases .......................................................16

    D.    Ultravision Fails to State a Claim for Indirect (Induced) Infringement.............................................................16

IV.     CONCLUSION...............................................................................................................20

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*3d Systems, Inc. v. Aarotech Labs, Inc.*,
  160 F.3d 1373 (Fed. Cir. 1998)........................................................................................11

*In re Acer Am. Corp.*,
  626 F.3d 1252 (Fed. Cir. 2010)........................................................................................15

*Am. Cyanamid Co. v. Nopco Chem. Co.*,
  388 F.2d 818 (4th Cir. 1968) .............................................................................................6

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)...........................................................................................................17

*Autobytel, Inc. v. Insweb Corp.*,
  No. 2:07-cv-524, 2009 WL 901482 (E.D. Tex. Mar. 31, 2009) ..........................................7, 8

*Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*,
  566 F.3d 1012 (Fed. Cir. 2009)........................................................................................7, 10

*Avocent Huntsville Corp. v. Aten Int'l Co., Ltd.*,
  552 F.3d 1324 (Fed. Cir. 2009)........................................................................................10

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007)...........................................................................................................16, 17

*Beverly Hills Fan Co. v. Royal Sovereign Corp.*,
  21 F.3d 1558 (Fed. Cir. 1994)..........................................................................................10

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,
  681 F.3d 1323 (Fed. Cir. 2012)........................................................................................18, 19

*Bristol-Meyers Squibb Co. v. Sup. Ct. of Cal., San. Francisco Cty.*,
  137 S. Ct. 1773 (2017)........................................................................................................9

*Burger King Corp. v. Rudzewicz*,
  471 U.S. 462 (1985)...........................................................................................................8

*Bush Seismic Tech. LLC v. Am. Gem. Soc'y*,
  No. 2:14-cv-1809-JRG, 2016 WL 9115381 (E.D. Tex. Apr. 13, 2016) ..................................19

*In re Cray Inc.*,
  871 F.3d at 1357 ...............................................................................................................6, 7

*Daimler AG v. Bauman*,
   571 U.S. 117 (2014)........................................................................................9

*DSU Med. Corp. v. JMS Co.*,
   471 F.3d 1293 (Fed. Cir. 2006)....................................................................17

*Fernandez-Montes v. Allied Pilots Ass'n*,
   987 F.2d 278 (5th Cir. 1993) ........................................................................17

*In re Genentech*,
   566 F.3d 1338 (Fed. Cir. 2009).....................................................................14

*Genetic Implant Sys., Inc. v. Core–Vent Corp.*,
   123 F.3d 1455 (Fed. Cir. 1997).......................................................................8

*Global–Tech Appliances, Inc. v. SEB S.A.*,
   563 U.S. 754 (2011)......................................................................................17

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
   131 S. Ct. 2846 (2011) ....................................................................................9

*Graftech Int'l Holdings, Inc. v. GC&S Co, Inc.*,
   2014 WL 12591876 (E.D. Tex., April 8, 2014)............................................11

*Icon Health & Fitness, Inc. v. Horizon Fitness, Inc.*,
   No. 5:08-cv-26, 2009 WL 1025467 (E.D. Tex. Mar. 26, 2009) ....................8

*Int'l Shoe Co. v. State of Wash.*,
   326 U.S. 310 (1945).........................................................................................8

*In re Link_A_Media Devices Corp.*,
   662 F.3d 1221 (Fed. Cir. 2011)...............................................................13, 16

*MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*,
   420 F.3d 1369 (Fed. Cir. 2005).....................................................................17

*NovelPoint Learning LLC v. LeapFrog Enter., Inc.*,
   Case No. 6:10-CV-229-JDL, 2010 WL 5068146 (E.D. Tex. Dec. 6, 2010) ....................10, 11

*Pers. Audio, LLC v. Google, Inc.*,
   280 F. Supp. 3d 922 (E.D. Tex. 2017) .........................................................6, 7

*Pervasive Software Inc. v. Lexware GmbH & Co. KG*,
   688 F.3d 214 (5th Cir. 2012) ..........................................................................8

*Realtime Data, LLC v. Stanley*,
   721 F.Supp.2d 538 (E.D. Tex. 2010).............................................................19

*Ruby Sands LLC v. Am. Nat'l Bank of Tex.*,
  No. 2:15-cv-1955-JRG, 2016 WL 3542430 (E.D. Tex. June 6, 2016) ...................................19

*S. Christian Leadership Conference v. Sup. Ct. of State of La.*,
  252 F.3d 781 (5th Cir. 2001) ....................................................................17

*Special Indus. v. Zamil Grp. Holding Co.*,
  578 Fed. Appx. 325 (5th Cir. 2014) ...............................................................8

*TC Heartland LLC v. Kraft Foods Grp. Brands LLC*,
  137 S. Ct. 1514 (2017) ........................................................................6, 7

*Tierra Intelectual Borinquen, Inc. v. ASUS Computer Int'l, Inc.*,
  No. 2:13-cv-38-JRG, 2014 WL 894805 (E.D. Tex. Mar. 4, 2014) ........................................17

*In re TS Tech USA Corp.*,
  551 F.3d 1315 (Fed. Cir. 2008) ..................................................................15

*Uniloc USA, Inc. v. Nutanix*,
  Case No. 2:17-cv-00174-JRG (E.D. Tex. Dec. 6, 2017) ...............................................6

*Univ. of Ill. Found. v. Channel Master Corp.*,
  382 F.2d 514 (7th Cir. 1967) .....................................................................6

*In re Volkswagen AG*,
  371 F.3d 201 (5th Cir. 2004) ....................................................................12

*Walden v. Fiore*,
  571 U.S. 277 (2014) .............................................................................9

*Wi-Lan, Inc. v. HTC Corp.*,
  Case No. 2:11-CV-68-JRG, 2012 WL 2461112 (E.D. Tex. June 27, 2012) .............................11

*In re WMS Gaming Inc.*,
  564 F. App'x 579 (Fed. Cir. 2014) ..............................................................14

*Zoch v. Daimler, AG*,
  2017 WL 2903264 (E.D. Tex., May 16, 2017) .....................................................11

**Statutes**

28 U.S.C. § 1400 ........................................................................1, 4, 5, 6, 7

28 U.S.C. § 1404 ..........................................................................1, 11, 12

28 U.S.C. § 1406 ...........................................................................1, 7, 11

35 U.S.C. § 271 ...............................................................................17

**Other Authorities**

Fed. R. Civ. P. 12.................................................................................................................1, 3, 4

## I.    INTRODUCTION

Defendants Shenzhen Absen Optoelectronic Co. ("Absen Opto") and Absen, Inc. (collectively, "Defendants") respectfully move the Court to dismiss the First Amended Complaint (Dkt. No. 73) in this case pursuant to Fed. R. Civ. P. 12(b)(2), 12(b)(3) and 12(b)(6) because: (1) venue is improper as to Defendant Absen, Inc. pursuant to Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1400(b); (2) there is no personal jurisdiction over Defendant Absen Opto in this Court; and, (3) Plaintiff has not and cannot state a claim for indirect (induced) infringement against either Defendant. Defendants previously filed an motion to dismiss the original complaint in this action on May 30, 2019.  Dkt. No. 62.  Ultravision filed an Amended Complaint on June 6, 2019, (Dkt. No. 73).  The Amended Complaint does not address or cure the flaws in Ultravision's original complaint.

Venue in the Eastern District of Texas ("this District") is not proper as to Defendant Absen, Inc. (the only domestic defendant) because it does not "reside" in this District and does not have a "regular and established place of business" in this District.  *See* 28 U.S.C. § 1400(b). Rather, Absen, Inc. is a "is a corporation organized and existing under the laws of Delaware with a principal place of business at 7120 Lake Ellenor Dr., Orlando, FL 32809" (Dkt. No. 73, (First Amended Complaint) ¶2) and has no regular and established place of business, office, facilities or property in this District.  Thus, venue against Absen Inc. in this District is improper and this case against it should be dismissed, or in the alternative, transferred to the Middle District of Florida.  *See* 28 U.S.C. § 1406(a).

Ultravision's only argument for venue is that Absen, Inc. employs a resident of the District.  However, the Federal Circuit has confirmed (and this Court has found in similar circumstances) that an employee residing within a District does not create a regular and

established place of business.  One local employee does not create venue and the case should be dismissed at least with respect to Absen, Inc.

This case should also be dismissed as to Absen Opto because this Court lacks personal jurisdiction over Absen Opto.  Absen Opto does not have the minimum contacts with this District to support either general or specific jurisdiction.  Absen Opto is a corporation organized and existing under the laws of China, with a principal place of business located at 18-20F Building 3A, Cloud Park, Bantian, Longgang District, Shenzhen, 518129, P.R. China. (Dkt. No. 73, ¶ 3).  Absen Opto's only U.S. customer is Absen Inc. in Florida.  Absen Opto does not sell any products in Texas and has no regular and established place of business, office, facilities, property or employees in this District.  Thus, Absen Opto lacks sufficient contact with this District to support either specific or general jurisdiction.

Alternatively, if the Court were to find personal jurisdiction over Absen Opto, the case should be transferred for convenience to the Middle District of Florida, where venue is proper against Absen, Inc. and where Absen, Inc. (Absen Opto's subsidiary) maintains its principal place of business.  The Middle District of Florida is home to Absen, Inc.'s witnesses and other evidence.  This District, on the other hand, has no connections to the case apart from the fact that it was the district where Plaintiff chose to file.  Not a single known witness or document is located in this District.  As discussed below, the majority of the transfer factors weigh in favor of transfer.  As a result, the interests of convenience and justice favor transfer in the event the Court finds personal jurisdiction over Absen Opto.

Without waiving the foregoing objections to jurisdiction and venue, Defendants also respectfully move the Court to dismiss plaintiff Ultravision's claims for indirect (induced) infringement.  Ultravision's First Amended Complaint (Dkt. No. 73) fails to plead any facts that

could show that Defendants (1) specifically intended for others, including customers and end-users to infringe the asserted patents, or (2) knew that third parties including customers and end-user's acts constituted infringement.  Thus, Ultravision's claims for inducing infringement should be dismissed.[1]

## II.    STATEMENT OF RELEVANT FACTS

The original Complaint in this action was filed on March 27, 2018.  Dkt. No. 1.  On March 27, 2018, Ultravision also filed a Complaint with the U.S. International Trade Commission ("ITC Complaint").  An Amended ITC Complaint was filed on April 16, 2018. Both the ITC complaints and the Complaint in this action alleged infringement of U.S. Patents Nos. 9,349,306 ("the '306 patent") and 9,916,782 ("the '782 patent") (collectively "the Asserted Patents").[2]  On June 19, 2018, this Court stayed this proceeding pending the ITC Investigation. (Dkt. No. 14).

The ITC Investigation proceeded through fact discovery and most of expert discovery. On October 11, 2018, based on evidence that had surfaced in discovery regarding the Asserted Patents, Defendants here (and other respondents in the ITC Action) moved the ITC for leave to amend their responses to the Amended Complaint and Notice of Institution of Investigation to further plead defenses that the Asserted Patent claims are unenforceable for inequitable conduct, patent misuse, unclean hands, and/or improper inventorship.  (Exhibit 1, Respondents' Motion for Leave (Public Version)).  On November 15, 2018, Defendants' motions were granted in part. (Exhibit 2, Order No. 26 (Public Version)).  Shortly after, on November 26, 2018, Ultravision announced that it would file a Notice of Withdrawal of the Complaint and move to terminate the

---

[1] In the event that this Court does not dismiss this case and decides to transfer it instead, Defendants submit that it is appropriate to allow the transferee court the opportunity to rule on Defendants' motion to dismiss the induced infringement claims under Rule 12(b)(6).

[2] On May 6, 2019, Plaintiff served its Rule 3-1 Preliminary Infringement Contentions and has dropped its allegations that Defendants infringe any of claims of the '306 Patent.

ITC Investigation.   Ultravision did, and the ITC Investigation was formally terminated in February 2019.   (Exhibit 3, Notice of Commission Determination Not to Review an Initial Determination Terminating the Investigation in Its Entirety).   This Court then lifted the stay in this proceeding on April 11, 2019.  (Dkt. No. 16).

On May 30, 2019, Defendants filed a motion to dismiss the Ultravision's complaint in this matter pursuant to Fed. R. Civ. P. 12(b)(2), 12(b)(3) and 12(b)(6) because: (1) venue is improper as to Defendant Absen, Inc. pursuant to Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1400(b); (2) there is no personal jurisdiction over Defendant Absen Opto in this Court; and, (3) Plaintiff has not and cannot state a claim for indirect (induced) infringement against either Defendant.  (Dkt. No. 62.)  Ultravision filed an Amended Complaint on June 6, 2019. (Dkt. No. 73).  The Amended Complaint adds seven additional counts relating to seven additional patents but does not cure the flaws in Ultravision's original complaint.

According to the First Amended Complaint, Ultravision is a limited liability company organized and existing under the laws of the State of Delaware, with a principal place of business in Dallas, Texas.  (Dkt. No. 73, at ¶ 1).

As admitted in the First Amended Complaint, Absen, Inc. "is a corporation organized and existing under the laws of Delaware with a principal place of business at 7120 Lake Ellenor Dr., Orlando, FL 32809" (Dkt. No. 73 ¶2).[3]   Although Ultravision alleges that "Defendant Absen, Inc. has a regular and established place of business in this Judicial District. . . ."  (Dkt. No. 73 at ¶ 8), that allegation is untrue as was detailed in Defendants original motion to dismiss and

---

[3] The Declaration of Absen, Inc.'s Frank Ren, is attached as Exhibit A.  The Declaration of James Liu is attached as Exhibit B.   Those declarations confirm that as of the filing of the original complaint (March 27, 2018), Defendants had no regular and established place of business in the Eastern District of Texas, and indeed did not own or lease any offices, facilities or property in the Eastern District of Texas (although the Court looks to the facts at the time of the original filing of the action, those facts remain true as of the filing of the original motion as well).  (Ex. A, Ren Dec., at ¶ 6 and Ex. B, Liu Dec., at ¶ 13).

supporting declarations. Liu Dec. at ¶ 7-15, 18; Ren Dec. at ¶ 6-7.  Absen Inc. does not have an established place of business in this District.  Absen Inc. does not design, develop or manufacture any products in Texas.  Liu Dec. at ¶ 8-9; Ren Dec. at ¶ 6.  Absen Inc. does not have offices, warehouses, stores, or facilities in this District, nor does it create, maintain, or store any documents, relevant to this case or otherwise, in this District.  Liu Dec. at ¶ 7.  The key employees and personnel at Absen Inc. having knowledge relating to the accused products are located in Absen Inc.'s headquarters in Orlando, Florida.  Ren Dec. at ¶ 7.

Absen Opto, on the other hand, "is a corporation organized and existing under the laws of China, with a principal place of business located at 18-20F Building 3A, Cloud Park, Bantian, Longgang District, Shenzhen, 518129, P.R. China." (Dkt. No. 73, ¶ 3).  Absen Opto designs, develops, and manufactures Absen products in China.  Absen Opto does not design, develop or manufacture any products in Texas.  Liu Dec. ¶ 17.  Absen Opto does not have offices, warehouses, stores, facilities, or employees in Texas, nor does it create, maintain, or store any documents, relevant to this case or otherwise, in this District.  *Id. at* ¶ 13.  Absen Opto makes no sales into Texas, is not registered to do business in Texas, and does not have any registered agent for service of process in Texas.  *Id.* ¶ 12.  Most of the key managers and personnel at Absen Opto having knowledge relating to the accused products are located in China.  The persons most knowledgeable about Absen Opto's U.S. sales are Absen, Inc. employees located in Orlando. Liu Dec. at ¶ 18; Ren Dec. at ¶ 8.

## III.   LEGAL STANDARD / ARGUMENT

### A.    Venue is Improper and Dismissal or Transfer is Appropriate

Venue in a patent case against domestic corporations is governed exclusively by 28 U.S.C. § 1400(b), which provides: "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of

infringement and has a regular and established place of business."  For purposes of §1400(b), a defendant which is a domestic corporation "resides" only in its state of incorporation.  *See, TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1517 (2017).  It is undisputed that Absen, Inc. is incorporated in Delaware (Dkt. No. 73 at ¶2) and therefore, does not "reside" in this District.

Venue may also be proper under Section 1400(b) if the domestic defendant has committed acts of infringement ***and*** has a regular and established place of business.  28 U.S.C. § 1400(b).  Ultravision's First Amended Complaint acknowledges that Absen, Inc. has a principal place of business in Orlando, Florida.  (Dkt. 73 at ¶ 3).  Venue can thus be proper against Absen, Inc. in either the District of Delaware or the Middle District of Florida.  Venue is improper in this District.

Per the Ren and Liu Declarations, when the complaint was filed, neither Defendant owned or leased any offices, facilities or property in this District.  (Exs. A and B, at ¶ 6 and 13).[4] Although Absen, Inc. has one employee that resides in this District, the Federal Circuit has confirmed that an employee residing within a District does not create a regular and established place of business.  *See In re Cray Inc.*, 871 F.3d at 1357 (employee's home was not an established place of business); *see also Univ. of Ill. Found. v. Channel Master Corp.*, 382 F.2d 514 (7th Cir. 1967) (sales promotion and solicitation by single employee working out of his home is not a regular and established place of business in Northern District of Illinois and, therefore, venue was not proper); *Am. Cyanamid Co. v. Nopco Chem. Co.,* 388 F.2d 818, 820 (4th Cir. 1968) (no established place of business where an employee worked from home even though there was a part-time secretary at the home).  *See also, Uniloc USA, Inc. v. Nutanix*, Case

---

[4] Whether venue is proper is determined as of the filing of the complaint.  *Pers. Audio, LLC v. Google, Inc.*, 280 F. Supp. 3d 922 (E.D. Tex. 2017).

No. 2:17-cv-00174-JRG (E.D. Tex. Dec. 6, 2017).  That employee does not keep inventory of Absen products in this District.  Ren Dec. at ¶ 6.  These facts were presented to Ultravision in Defendants' original motion to dismiss and Ultravision was aware of them at the time it filed its First Amended Complaint.  Nevertheless, Ultravision did not address these facts or cure the pleading deficiencies when it filed its First Amended Complaint.

Ultravision thus is unable to meet its burden of proving that Defendants had a regular and established place of business in the Eastern District of Texas as of the filing of the complaint, warranting dismissal or transfer.  *See In re Cray Inc.,* 871 F.3d 1355, 1360, 1362-64 (Fed. Cir. 2017) (to qualify as a "regular and established place of business" under the patent venue statute, "(1) there must be a physical [rather than virtual] place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant.  If any statutory requirement is not satisfied, venue is improper under § 1400(b)."); *see also Pers. Audio, LLC*, 280 F. Supp. 3d 922 (burden of proof is on plaintiff to establish venue).

Where venue is improper, as it is here, the Court may either dismiss the case or transfer it to where venue is proper.  28 U.S.C. §§ 1400(b) and 1406(a).  Ultravision has acknowledged that Absen, Inc. is a Delaware corporation with a principal place of business in Orlando, Florida. (Dkt. 73 at ¶ 3).  Thus, venue would be proper in the Middle District of Florida and the case should be transferred there. 28 U.S.C. § 1400(b); *TC Heartland*, 137 S. Ct. at 1519.

**B.    This Court Lacks Personal Jurisdiction over Absen Opto**

Personal jurisdiction in this action is governed by Federal Circuit law.  *See Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*, 566 F.3d 1012, 1016 (Fed. Cir. 2009).  To determine whether personal jurisdiction exists over an out-of-state defendant, the Court must consider: "(1) whether a forum state's long-arm statute permits service of process, and (2) whether the assertion of personal jurisdiction would violate due process."  *Autobytel, Inc. v.*

*Insweb Corp.*, No. 2:07-cv-524, 2009 WL 901482, at *1 (E.D. Tex. Mar. 31, 2009) (citing

*Genetic Implant Sys., Inc. v. Core–Vent Corp.*, 123 F.3d 1455, 1458 (Fed. Cir. 1997)).  Because

the Texas long-arm statute reaches as far as the federal constitutional requirements of due

process will allow, the two inquires collapse into a single inquiry of whether the exercise of

personal jurisdiction comports with federal due process.  *Special Indus. v. Zamil Grp. Holding

Co.*, 578 Fed. Appx. 325, 327-328 (5th Cir. 2014) (citing *Pervasive Software Inc. v. Lexware

GmbH & Co. KG*, 688 F.3d 214, 220 (5th Cir. 2012)).

Due process is satisfied only if (1) the defendant has purposefully availed itself of the

benefits and protections of the forum state by establishing minimum contacts with the forum

state; and (2) the exercise of jurisdiction over the defendant does not offend "traditional notions

of fair play and substantial justice." *Autobytel*, 2009 WL 901482, at *1 (citing *Int'l Shoe Co. v.

State of Wash.,* 326 U.S. 310, 316 (1945)).  "Specific jurisdiction exists when the nonresident

defendant has 'purposefully directed' his activities at the residents of the forum, and the

litigation results from alleged injuries that 'arise from or relate to' those activities." *Icon Health

& Fitness, Inc. v. Horizon Fitness, Inc.*, No. 5:08-cv-26, 2009 WL 1025467, at *3 (E.D. Tex.

Mar. 26, 2009) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985)).

Ultravision's unsupported statement of jurisdiction in its First Amended complaint is

conclusory and incorrect.  The First Amended Complaint alleges:

> This Court has personal jurisdiction over Defendants.  Upon
> information and belief, Defendants regularly conduct business and
> have committed acts of patent infringement and/or have induced
> acts of patent infringement by others in this judicial district and/or
> have contributed to patent infringement by others in this judicial
> district, the State of Texas, and elsewhere in the United States.

(Dkt. No. 73 at ¶5).  The allegations in the First Amended Complaint say nothing about Absen

Opto individually and is insufficient to support a claim that Absen Opto has minimum contacts

8

with the forum.  And, although Ultravision added allegations in its First Amended Complaint about alleged sales and service in Arlington and Houston, Texas, it still fails to make any allegations about Absen Opto individually that would indicate that Absen Opto does any business in this State or that would support a finding that Absen Opto has minimum contacts with this State.

This Court does not have general personal jurisdiction over Absen Opto.  This Court may exercise general personal jurisdiction over Absen Opto "only when the corporation's affiliations with the State in which suit is brought are so constant and pervasive 'as to render [Absen Opto] essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014) (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011)).  Absen Opto is not at home in Texas.  Indeed, it does not do any business in this district.

As Ultravision acknowledges, Absen Opto is a Chinese company.  (Dkt. No. 73, ¶ 3).  As explained above, and in Defendants' original Motion to Dismiss and supporting declarations, Absen Opto does not do anything in Texas.  It does not have employees here, it does not make sales here, nor does it own any land or facilities here.  Liu Dec. at ¶ 7-9, 13.  Absen Opto's only U.S. customer is located in Orlando, FL—Absen Inc.  Tellingly, the person most knowledgeable of Absen Opto's U.S. sales is an Absen Inc. employee, James Liu.  Liu Dec. at ¶ 2.

With effectively no connection to Texas, Absen Opto cannot be argued to be at home in this district.  The Court should find that it does not have general jurisdiction over Absen Opto.

Specific jurisdiction is also lacking.  With regard to specific jurisdiction, the Supreme Court in *Walden v. Fiore*, 571 U.S. 277, 284 (2014) has held that jurisdiction must be based on contacts that the "defendant *himself*" creates with the forum State.  (emphasis in original).  *See also*, *Bristol-Meyers Squibb Co. v. Sup. Ct. of Cal., San. Francisco Cty.*, 137 S. Ct. 1773, 1783

(2017), (finding the "bare fact that the [defendant] contracted with a California distributor is not enough to establish personal jurisdiction in the State."). Plaintiff has not pled any facts and cannot show that Absen Opto has any such contacts and even after Defendants original Motion to Dismiss, Plaintiff did not amend its pleadings to support such a finding.

Ultravision's First Amended Complaint provides no reasonable facts or inferences to show any connections between Absen Opto and this District or the State of Texas.[5] To determine specific personal jurisdiction, the Federal Circuit test considers: "whether (1) the defendant purposefully directed its activities at residents of the forum, (2) the claim arises out of or relates to those activities, and (3) assertion of personal jurisdiction is reasonable and fair." *Autogenomics,* 566 F.3d 1018. Ultravision has failed to plead any facts establishing that Absen Opto has purposefully directed any activities at Texas residents, or that Ultravision's claims arise out of any such activities. Thus, it would be unreasonable and unfair for this Court to assert specific personal jurisdiction over Absen Opto in this case. Ultravision has failed to set forth a *prima facie* case for this District having personal jurisdiction over Absen Opto and its First Amended Complaint should be dismissed with respect to Absen Opto.

A common test for assessing whether a court has specific personal jurisdiction over a foreign defendant, such as Absen Opto, is the "stream-of-commerce theory." *Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1564 (Fed. Cir. 1994). Even under the "stream of commerce" analysis, this Court does not have personal jurisdiction over Absen Otpo.

For example, in *NovelPoint Learning LLC v. LeapFrog Enter., Inc.*, Case No. 6:10-CV-229-JDL, 2010 WL 5068146, at *3 (E.D. Tex. Dec. 6, 2010), this Court found that there was no

---

[5] Because Ultravision's allegations are directed to patent infringement, the issue of specific personal jurisdiction is governed by Federal Circuit law. *Avocent Huntsville Corp. v. Aten Int'l Co., Ltd.*, 552 F.3d 1324, 1328 (Fed. Cir. 2009).

evidence of jurisdiction in California, even though the defendant was in the business of selling its products nationally and the defendant's product inevitably made their way into California. There would be no personal jurisdiction in that case because the defendant, like Absen Opto, had no offices, facilities, distribution facilities, or employees in the district. *Id.* Similarly, in *Wi-Lan, Inc. v. HTC Corp.*, Case No. 2:11-CV-68-JRG, 2012 WL 2461112, at *2 (E.D. Tex. June 27, 2012), this Court has found there was no jurisdiction in a proposed forum, even where the proposed forum received shipments direct from the defendant's distributors. In that case, the Court considered the fact that the defendant did not have a role in determining where or to whom products would be shipped. *See also, 3d Systems, Inc. v. Aarotech Labs, Inc.*, 160 F.3d 1373 (Fed. Cir. 1998) (acts of subsidiary not sufficient to establish jurisdiction over parent).

Likewise, even after Ultravision received and reviewed Defendants' original Motion to Dismiss, it failed to present evidence or even allege that Absen Opto has ever had any role in determining where or to whom Absen Opto products would be shipped. Absen Opto does not sell any products in Texas or direct its subsidiary to target the Eastern District of Texas market. Liu Dec. at ¶ 14, 17. Thus, under the facts of this case, jurisdiction under the "stream of commerce" test would be inappropriate as to Absen Opto. *See, Zoch v. Daimler, AG*, 2017 WL 2903264 (E.D. Tex., May 16, 2017); *Graftech Int'l Holdings, Inc. v. GC&S Co, Inc.*, 2014 WL 12591876 (E.D. Tex., April 8, 2014).

### C. The Court Should, Alternatively, Transfer under 28 U.S.C. §§ 1406(a) and 1404(a) For Convenience And In The Interest Of Justice

If the Court determines that venue is improper as to Absen, Inc., the case should be dismissed or transferred pursuant to 28 U.S.C. § 1406(a). But even if the Court does not find venue improper as to Absen, Inc. or dismisses Absen, Inc. and finds jurisdiction over Absen Opto, the case should still be transferred under § 1404(a). "For the convenience of parties and

witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought[.]"  28 U.S.C. § 1404(a).  The first inquiry is "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed."  *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004). Once that threshold inquiry is met, the court analyzes public and private factors relating to the convenience of parties and witnesses as well as the interests of particular venues in hearing the case.  *Volkswagen*, 371 F.3d at 203.

The private factors to be considered are "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive."  *Volkswagen*, 371 F.3d at 203.  The public factors are "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law."  *Id.*

**1.     Ultravision Could Have Brought The Case In The Middle District of Florida**

The first step in the transfer analysis is to determine whether this action could have been brought in the proposed transferee venue.  28 U.S.C. § 1404(a).  *Volkswagen*, 371 F.3d at 203. Because Absen Opto sells the accused products to Absen, Inc. in the Middle District of Florida (Orlando, Fl.) and because Absen, Inc. committed acts of alleged infringement in the Middle District of Florida (from which it uses, sells and offers to sell the accused Products), Ultravision could have filed suit there.

12

2.      **The Private-Interest Factors Weigh In Favor Of Transfer**

An analysis of the private-interest factors demonstrates that it would be more convenient for the parties to litigate the case in the Middle District of Florida.

a.      **Plaintiff's Forum Preference**

The only connection this District has with the case is that it was Plaintiff's choice of forum.  This District is not, however, Ultravision's home forum (*See* Dkt. No. 73, ¶ 1), and therefore, Ultravision's preference has little weight.  *See, e.g.*, *In re Link_A_Media Devices Corp.*, 662 F.3d 1221, 1223 (Fed. Cir. 2011) (plaintiff's choice of forum is "entitled to less deference" when "a plaintiff brings its charges in a venue that is not its home forum").

b.      **Defendants' Forum Preference**

Defendants prefer to litigate this matter in the Middle District of Florida, home to Absen, Inc. and its relevant employees.  Liu Dec. at ¶ 5-7; Ren Dec. at ¶ 7.  None of the parties have offices, employees, or evidence located in this District, nor is this District home to any relevant witnesses, parties, or evidence.  Liu Dec. at ¶ 7; Ren Dec. at ¶ 6-7.  This factor weighs in favor of transfer.

c.      **Whether The Claim Arose Elsewhere**

Ultravision's claim arose, if at all, in the Middle District of Florida, where Absen, Inc.'s headquarters are located and where its U.S. employees are located.  Liu Dec. at ¶ 5-7; Ren Dec. at ¶ 7.  Thus, any importing, marketing, advertising or selling of the accused Absen X and Xv Series Products were primarily carried out by Absen, Inc. personnel in Orlando, Florida, which is located within the Middle District of Florida.  Ren Dec. at ¶ 7.  Further, in the last two years, neither Absen, Inc. nor Absen Opto has not sold any accused A1099/A1699, Altair Series, Xd Series, N Series, and XV Series products in this District.  Liu Dec. at ¶ 17-18.  This factor accordingly weighs in favor of transfer.

### d.    Convenience Of The Parties

Absen, Inc. is located in Orlando, Florida and Ultravision is based in Dallas, Texas.  Ren. Dec. at ¶ 4.  Neither Absen, Inc. nor Absen Opto maintain offices in this District.  Ren. Dec. at ¶ 6; Liu Dec. at ¶ 7.  It would be much more convenient and less costly for Defendants to litigate in the Middle District of Florida, as opposed to this District.  Given its lack of substantial connections to this District, Ultravision would suffer no inconvenience and no disadvantage were this case transferred away from its preferred forum.  This factor thus weighs in favor of transfer.

### e.    Convenience Of The Witnesses

The convenience-of-the-witnesses factor also weighs in favor of the Middle District of Florida.  A trial in this District would inconvenience the witnesses as no known witnesses reside in this District and Defendants' known witnesses reside either in Florida or China.  Absen, Inc.'s witnesses with relevant knowledge work in the Middle District of Florida.  Liu Dec. at ¶ 5, 18; Ren Dec. at ¶ 7.  *In re WMS Gaming Inc.*, 564 F. App'x 579, 581 (Fed. Cir. 2014) ("The witnesses . . . all reside in the Northern District of Illinois.  Keeping the case in Mississippi would thus require those witnesses to incur significant expenses and loss in productivity.").

For these reasons, the Court should weigh this factor in favor of transfer.

### f.    Location Of Books And Records

In patent-infringement cases, "the bulk of the relevant evidence usually comes from the accused infringer.  Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *In re Genentech*, 566 F.3d 1338, 1345 (Fed. Cir. 2009) (citations and quotations omitted).

Absen' Inc. maintains evidence (e.g., financial, technical, sales, and marketing documents) at its Orlando, Florida headquarters, Ren Dec. at ¶ 7, and is not aware of any

evidence (from any party or third party) located in this District.[6]  This factor therefore weighs in favor of transfer.

        **3.**        **The Public-Interest Factors Weigh In Favor Of Transfer**

Like the private-interest factors, the public-interest factors support transfer.

        **a.**        **Enforceability Of The Judgment**

The Middle District of Florida and this District's judgments are equally enforceable. Thus, This factor is neutral.

        **b.**        **Practical Considerations That Could Make Trial Easy, Expeditious, Or Inexpensive**

Numerous practical considerations favor transfer.  As previously noted, venue in this District is not proper as to Absen Inc.  Thus, if Plaintiff or the Court does not dismiss Absen Inc. from this case, and Absen Inc. is transferred to another district but Absen Opto is not, the result will be two Courts adjudicating substantially identical claims against the same products, resulting in a waste of judicial resources and the possibility of inconsistent adjudications.

Even if Absen Inc. is dismissed from this case, Absen Inc., as Absen Opto's only US subsidiary, would have information relevant to Ultravision's allegations.  Absen Inc.'s employees are in the Middle District of Florida and litigating the case there would save Defendants substantial amounts in costs and employee productivity.  *See, In re TS Tech USA Corp.*, 551 F.3d 1315, 1320 (Fed. Cir. 2008) (additional travel time for witnesses supports transfer); *In re Acer Am. Corp.*, 626 F.3d 1252, 1255 (Fed. Cir. 2010) (witnesses' time away from "work, family, and community" supports transfer).  This factor weighs in favor of transfer.

---

[6] While technological advances may reduce the value of this factor, the court nevertheless should give it some weight.

**c.     Administrative Difficulty Resulting From Court Congestion**

The average time to a jury trial in the Middle District of Florida and this District is 2 years, 4.9 months versus 2 years, 4.1 months.  (Exhibits 4-5, Time to Milestones from Docket Navigator).  In comparison to the 18 judgeships (including magistrates) in this Court, there are 48 in the Middle District of Florida.  (Exhibits 6-7, Lists of judges from courts' websites).  Thus, this factor weighs in favor of transfer.

**d.     Local Interest In Deciding Local Controversies At Home**

The Middle District of Florida has a strong interest in deciding this case.  It is where Absen, Inc. maintains its principal place of business and where most of their employees live and work.  Liu Dec. at ¶ 5, 18; Ren Dec. at ¶ 7.  This District has no interest in this case as there is no evidence that any accused product was made, used or sold in this District.  This factor thus weighs in favor of transfer.

**e.     Public Policies Of The Fora**

Defendants are aware of no public policy impacting the transfer analysis in this case.

**f.     Familiarity With Applicable State Law In Diversity Cases**

This factor is neutral as all federal courts are equally able to apply federal patent law. *See, e.g.*, *In re Link_A_Media*, 662 F.3d at 1224.

In summary, several of the enumerated factors weight in favor transfer in this case and none weigh against transfer.  As such, the Court should transfer the case to the Middle District of Florida.

**D.     Ultravision Fails to State a Claim for Indirect (Induced) Infringement**

In order to state a claim upon which relief may be granted, a plaintiff must "provide the 'grounds' of his 'entitle[ment] to relief'..., and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The complaint

16

must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal,* 556 U.S. 662, 678-679 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.* at 678; *see also S. Christian Leadership Conference v. Sup. Ct. of State of La.*, 252 F.3d 781, 786 (5th Cir. 2001) ("[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.") (quoting *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)); *Tierra Intelectual Borinquen, Inc. v. ASUS Computer Int'l, Inc.*, No. 2:13-cv-38-JRG, 2014 WL 894805, at *2 (E.D. Tex. Mar. 4, 2014) (detailed factual allegations are not required, but the facts pled must, when accepted as true, state a claim for relief that is "plausible on its face," i.e., the facts pled must allow the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged; granting 12(b)(6) motion to dismiss induced infringement claims) (citing *Bell Atl. Corp.*, 550 U.S. at 570 and *Ashcroft*, 556 U.S. at 678).

A claim for induced infringement under 35 U.S.C. § 271(b) requires proof (1) of an act of direct infringement by another, and (2) that the defendant knowingly induced the infringement with the specific intent to encourage the other's infringement.  *MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*, 420 F.3d 1369, 1378 (Fed. Cir. 2005).  The intent element requires that the defendant "[know] that the induced acts constitute patent infringement."  *Global–Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766 (2011); *see also DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006) (citations and quotations omitted) ("[I]nducement requires that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement.").  Thus, in order to survive a motion to dismiss, the complaint must (1) adequately plead an act of direct infringement, (2) contain facts

plausibly showing that the defendant specifically intended for the direct infringer to infringe the asserted patents, and (3) contain facts plausibly showing that the defendant knew that the alleged direct infringer's acts constituted infringement.   *See In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012).

Ultravision's First Amended Complaint lacks the factual allegations to state a claim for inducement.   The First Amended Complaint fails to adequately plead facts showing direct infringement by a third party.   The First Amended Complaint fails to identify any specific direct infringers that have purportedly committed acts of infringement.   The First Amended Complaint instead merely repeats this conclusory assertion:

> Defendants have indirectly infringed and continue to indirectly infringe one or more claims of the '782 Patent by knowingly and intentionally inducing others, including customers and end-users, to directly infringe to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling and/or importing into the United States products that include infringing technology, including modular LED displays and display boards comprising multiple modular LED displays.

*See* Dkt. No. 73 at ¶38.

The First Amended Complaint also contains no facts plausibly showing that Defendants knew that its customers' acts constituted infringement prior to the filing of the Complaint or First Amended Complaint.   Ultravision alleges no facts that could state a claim that Defendants knew

of the asserted patents pre-suit.[7] Instead, the First Amended Complaint merely states (again in

conclusory fashion) that:

> 40. At least as of March 27, 2018 — i.e., the date of the filing of a Complaint by Ultravision in this District (Dkt. 1) — Defendants, with knowledge that these products, or the use thereof, infringe the '782 Patent, knowingly and intentionally induced, and continue to knowingly and intentionally induce, direct infringement of the '782 Patent by supplying these products to end users for use in an infringing manner.

Dkt. No. 73, ¶ 40.

With regard to the newly-added patents, the First Amended Complaint is equally flawed:

> 53. At least as of the filing date of this First Amended Complaint, Defendants, with knowledge that these products, or the use thereof, infringe the '272 Patent, knowingly and intentionally induced, and continue to knowingly and intentionally induce, direct infringement of the '272 Patent by detachably mounting sub-assemblies at a first location and building the sub-assemblies into a multi-panel display at a second location.

Dkt. No. 73 at ¶ 53. See also, ¶¶ 70, 88, 102, 115, 130 and 143.

There are no facts plausibly establishing that Defendants knew of the asserted patents and took affirmative actions to induce its customers to infringe them, or that Defendants' customers have in fact directly infringed the asserted patents. In the absence of those allegations, the indirect infringement claims are deficient and should be dismissed. *See*, *e.g.*, *In re Bill of Lading*, 681 F.3d at 1339; *Realtime Data, LLC v. Stanley*, 721 F.Supp.2d 538, 544 (E.D. Tex. 2010) (dismissing indirect infringement claims for failure in-part to identify third party direct infringer); *Ruby Sands LLC v. Am. Nat'l Bank of Tex.*, No. 2:15-cv-1955-JRG, 2016 WL

---

[7] Ultravision's First Amended Complaint admits that knowledge of the asserted patents may have come "as least as of the date of the filing of this First Amended Complaint" (*see* Dkt. No. 73, ¶¶ 70, 88, 102, 115, 130 and 143) and fails to allege any facts plausibly showing that Defendants had any pre-suit knowledge of the asserted patents. The induced infringement claims should dismissed on this ground alone. *See Bush Seismic Tech. LLC v. Am. Gem. Soc'y*, No. 2:14-cv-1809-JRG, 2016 WL 9115381, at *2-3 (E.D. Tex. Apr. 13, 2016) (dismissing induced infringement claims grounded exclusively in conduct occurring as of and after the filing of complaint).

3542430, at *4-5 (E.D. Tex. June 6, 2016) (granting motion to dismiss indirect infringement claims).

## IV.     CONCLUSION

Wherefore, Defendants respectfully requests that the Court either dismiss this case or transfer it to the Middle District of Florida.  Defendants further respectfully requests that if this Court does not dismiss or transfer the case to another District, that it dismiss Ultravision's indirect (induced) infringement claims.

Dated this 21st day of June, 2019

Respectfully submitted,

*/s/ Ronald J. Pabis*
Mark G. Davis (Texas Bar No. 24096062)
Ronald J. Pabis (DC Bar No. 473023)
Patrick J. McCarthy (DC Bar No. 990490)
GOODWIN PROCTER LLP
901 New York Avenue, N.W.
Washington, D.C. 20001
Telephone: (202) 346-4000
Facsimile:  (202) 346-4444
DG-AbsenDCt@goodwinlaw.com

Melissa Richards Smith (Texas Bar No. 24001351)
Harry Lee Gillam, Jr. (Texas Bar No. 07921800)
Gillam & Smith, LLP
303 South Washington Avenue
Marshall, TX 75670
Telephone:  903-934-8450
Facsimile:  903-934-9257
melissa@gillamsmithlaw.com
gil@gillamsmithlaw.com

*Counsel for Shenzhen Absen Optoelectronic Co., Ltd. and Absen, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on this 21st day of June, 2019, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3).

*/s/ Ronald J. Pabis*
Ronald J. Pabis
