IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ULTRAVISION TECHNOLOGIES, LLC,<br><br>                              Plaintiff,<br><br>v.<br><br>GOVISION, LLC,<br><br>                              Defendant. | Case No. 2:18-cv-000100-JRG-RSP<br><br>LEAD CASE |
| ULTRAVISION TECHNOLOGIES, LLC,<br><br>                              Plaintiff,<br><br>v.<br><br>YAHAM OPTOELECTRONICS CO., LTD.,<br><br>                              Defendant. | Case No. 2:18-cv-000118-JRG-RSP<br><br>MEMBER CASE |

**YAHAM OPTOLECTRONICS CO., LTD.'S MOTION TO DISMISS
FOR LACK OF PERSONAL JURISDICTION**

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ............................................................................................... ii

I.     INTRODUCTION ................................................................................................. 1

II.    STATEMENT OF ISSUES TO BE DECIDED ............................................... 1

III.   STATEMENT OF FACTS .................................................................................. 1

     A.     The Complaint's Only Allegations as to Personal Jurisdiction are
Conclusory and Unsupported by Any Alleged Facts............................................. 1

     B.     Ultravision Files an ITC Complaint on the Same Patents Asserted Here,
Conducts Full Fact Discovery, Identifies Yaham's Accused Products, then
Abruptly Withdraws its ITC Complaint. ................................................................. 3

     C.     Facts Relating to Yaham's Lack of Contacts with the Forum .............................. 4

IV.   LEGAL STANDARDS ....................................................................................... 6

V.    ARGUMENT ........................................................................................................ 9

     A.     Yaham Is Not Subject to General Jurisdiction in Texas ....................................... 9

     B.     Yaham Is Not Subject to Specific Jurisdiction in Texas..................................... 11

     C.     Exercising Jurisdiction Over Yaham Would Offend Traditional Notions of
Fair Play and Substantial Justice........................................................................... 15

CONCLUSION................................................................................................................ 16

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*AFTG-TG, LLC v. Nuvoton Tech. Corp.*,
   689 F.3d 1358 (Fed. Cir. 2012)....................................................................7, 8, 9, 14

*Am. Type Culture Collection, Inc. v. Coleman*,
   83 S.W.3d 801 (Tex. 2002).........................................................................................7

*Asahi Metal Indus. Co., Ltd. v. Superior Court of Cal., Solano Cty.*,
   480 U.S. 102 (1987).............................................................................................9, 15

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)..................................................................................................10

*Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*,
   566 F.3d 1012 (Fed. Cir. 2009)...........................................................................6, 10

*Avocent Huntsville Corp. v. ATEN Int'l Co.*,
   552 F.3d 1324 (Fed. Cir. 2008)..................................................................................7

*Beverly Hills Fan Co. v. Royal Sovereign Corp.*,
   21 F.3d 1558 (Fed. Cir. 1994)..............................................................................8, 14

*Burger King Corp. v. Rudzewicz*,
   471 U.S. 462 (1985)....................................................................................................8

*Celgard, LLC v. SK Innovation Co., Ltd.*,
   792 F.3d 1373 (Fed. Cir. 2015)...................................................................8, 9, 12, 14

*Daimler AG v. Bauman*,
   571 U.S. 117 (2014)...................................................................................8, 9, 10, 11

*Goodyear Dunlap Tires Operations, S.A. v. Brown*,
   564 U.S. 915 (2011).............................................................................................8, 10, 11

*Grober v. Mako Prods., Inc.*,
   686 F.3d 1335 (Fed. Cir. 2012)..................................................................................6

*Guardian Royal Exch. Assurance, Ltd. v. English China Clays, P.L.C.*,
   85 S.W. 2d 223 (Tex. 1991)........................................................................................7

*Helicopteros Nacionales de Colombia v. Hall*,
   466 U.S. 408 (1984)....................................................................................................7

*Inamed Corp. v. Kuzmak*,
  249 F.3d 1356 (Fed. Cir. 2001)............................................................................7

*Int'l Shoe Co. v. Washington*,
  326 U.S. 310 (1945)....................................................................................7, 9

*J. McIntyre Machinery, Ltd. v. Nicastro*,
  564 U.S. 873 (2011)........................................................................................8

*Johnston v. Multidata Sys. Int'l Corp.*,
  523 F.3d 602 (5th Cir. 2008) ..........................................................................7

*Mink v. AAAA Development LLC*,
  190 F.3d 333 (5th Cir. 1999) ........................................................................11

*NexLearn, LLC v. Allen Interactions, Inc.*,
  859 F.3d 1371 (Fed. Cir. 2017)......................................................................11

*Patent Incentives, Inc. v. Seiko Epson Corp.*,
  878 F.2d 1446 (Fed. Cir. 1989)............................................................6, 7, 10

*Pervasive Software Inc. v. Lexware GmbH & Co. KG*,
  688 F.3d 214 (5th Cir. 2012) ..........................................................................7

*Time Share Vacation Club v. Atlantic Resorts, Ltd.*,
  735 F.2d 61 (3rd Cir. 1984) ........................................................................6. 7

*Walden v. Fiore*,
  571 U.S. 277 (2014)......................................................................................11

## Statutes

FED. R. CIV. P. 12(b)(2) ...................................................................................1

Defendant Yaham Optoelectronics Co., Ltd. ("Yaham") respectfully moves the Court to dismiss Plaintiff Ultravision Technologies, LLC's ("Ultravision") Complaint against it for lack of personal jurisdiction, pursuant to Federal Rules of Civil Procedure 12(b)(2).

## I.   INTRODUCTION

This case presents an unusually simple personal jurisdiction analysis, because *no* accused products have entered the state of Texas through any known distribution channel.  Not only has Yaham not sold any accused products in Texas directly, neither have any of Yaham's distributors, as the evidence accompanying this Motion establishes.  Thus, Yaham cannot be subject to specific jurisdiction even under a "stream of commerce" theory.  And general jurisdiction does not lie either, because Yaham, a Chinese company, has *no* contacts with Texas, much less the type of continuous and systemic contacts needed to establish general jurisdiction.  Ultravision has not alleged any facts to the contrary on either point.  Accordingly, the Court should grant this Motion and dismiss the Complaint against Yaham.

## II.   STATEMENT OF ISSUES TO BE DECIDED

The issue to be decided by the Court is whether it should dismiss Ultravision's Complaint against Yaham for lack of personal jurisdiction pursuant to Federal Rules of Civil Procedure 12(b)(2),

## III.   STATEMENT OF FACTS

### A.   The Complaint's Only Allegations as to Personal Jurisdiction are Conclusory and Unsupported by Any Alleged Facts.

The Complaint's allegations of personal jurisdiction over Yaham are conclusory. Ultravision filed the Complaint on March 27, 2018.  First, the Complaint acknowledges that Yaham is incorporated in China and maintains its principal place of business there.  Case No. 2:18-

cv-000118-JRG-RSP, ECF No. 1, ¶ 14.  It then alleges that "[t]his Court has personal jurisdiction over [Yaham]." *Id.* at ¶ 17.[1]

> The Complaint's full set of allegations in support of the personal jurisdiction claim are:
>
> Upon information and belief, [Yaham] regularly conduct[s] business and [has] committed acts of patent infringement and/or [has] induced acts of patent infringement by others in this judicial district and/or [has] contributed to patent infringement by others in this judicial district, the State of Texas, and elsewhere in the United States.  *Id.*
>
> [Yaham is] subject to this Court's jurisdiction pursuant to due process and/or the Texas Long Arm Statute due at least to [its] substantial business in this State and judicial district, including (a) at least part of their past infringing activities, (b) regularly doing or soliciting business in Texas, and/or (c) engaging in persistent conduct and/or deriving substantial revenue from goods and services provided to customers in Texas.  *Id.* at ¶ 20.

Notably absent are any specific factual allegations.  For example, the Complaint does not identify any customers of the accused products in Texas or any other specific acts of alleged infringement by Yaham.  These generic allegations do not establish personal jurisdiction over Yaham, particularly given the facts averred in the Declaration of Yaham employee Yali Xie ("Xie Decl."), as discussed further below.

The Complaint alleges that the accused products are "modular LED displays, such as Defendants' Yaham D0 product."  *Id.* at ¶¶ 27-33, 41-49.  The Complaint does not identify any specific accused products besides the Yaham D0 product.  *See id.*  Of note, the Complaint contrasts the two asserted patents' alleged inventions with various prior art LED displays which were not waterproof, used cabinets, were not for outdoor use, and/or were not modular.  "For example,

---

[1] The Complaint named both Yaham and Yaham LED U.S.A., Inc. as Defendants, and all personal jurisdiction allegations in the Complaint are directed to "Defendants" collectively.  The Complaint makes no allegations as to Yaham individually to support its claim that personal jurisdiction is proper. Ultravision subsequently voluntarily dismissed Yaham LED U.S.A., Inc.  Case No. 2:18-cv-000100-JRG-RSP, ECF Nos. 64 and 66.

previous LED display panels were not waterproof, and thus needed to be placed in a sealed cabinet in order to operate outside." *Id.* at ¶ 5. "Additionally, previous LED display panels were not modular…." *Id.* at ¶ 6. "Upon its introduction, the UltraPanel [an Ultravision product] immediately made prior cabinet-based designs obsolete." *Id.* at ¶ 10.

### B.  Ultravision Files an ITC Complaint on the Same Patents Asserted Here, Conducts Full Fact Discovery, Identifies Yaham's Accused Products, then Abruptly Withdraws its ITC Complaint.

The Complaint accurately states that "[t]his action is related to In the Matter of Certain Modular LED Displays, Assemblies Thereof, Components Thereof, and Products Containing Same, ITC Docket No. 337-__, United States International Trade Commission, Washington, D.C. ("ITC"), filed on March 27, 2018. In the ITC action, the two patents asserted in this case are also asserted against Defendants." Case No. 2:18-cv-000118-JRG-RSP, ECF No. 1, ¶ 1. That ITC action was instituted as Investigation No. 337-TA-1114 (the "ITC Investigation"). In the ITC Investigation, Ultravision alleged and attempted to prove that Yaham had imported, sold for importation, or sold after importation in the United States modular LED displays that infringed the same two patents asserted in this litigation.

Yaham actively participated in the ITC Investigation. Ultravision was afforded a full opportunity to take discovery from Yaham about Yaham's alleged infringement of the two asserted patents: Yaham produced documents, answered interrogatories, and was deposed. The ITC Investigation proceeded through the close of fact discovery on October 11, 2018 and the deadline for filing motions to compel fact discovery on October 17, 2018. Ex. A (ITC Investigation Order No. 19, Amended Procedural Schedule). Ultravision did not file any motion to compel fact discovery from Yaham.

The ITC Investigation's procedural schedule required Ultravision to identify which Yaham products it was accusing of infringement during fact discovery and then again shortly after fact

discovery closed.  During fact discovery, Ultravision identified the D0, G0 (GD), and YS product lines as the accused Yaham products.  Ex. B (Joint Statement Regarding Identification of Accused Products, August 21, 2018) at 3.  After fact discovery, Ultravision dropped the G0 (GD) product line from the list of accused products, accusing only the D0 and YS product lines.  Ex. C (Joint Stipulation Regarding Representative Accused Products, October 19, 2018) at 2.

Ultravision abruptly withdrew its ITC complaint while expert discovery was underway in the ITC Investigation, and moved to terminate the ITC Investigation.  Ex. D (Ultravision's Notice of Withdrawal of Amended Complaint, Nov. 26, 2018); Ex. E (Ultravision's Motion for Termination of Investigation, Nov. 26, 2018 (Public Version)).  The ITC granted that motion and terminated the ITC Investigation.  Ex. F (ITC Investigation Order No. 29 (Public Version)); Ex. G (Termination of Investigation, Feb. 21, 2019).  Ultravision's motion to withdraw did not say why Ultravision was abandoning the ITC Investigation only after subjecting Yaham and others to such costly proceedings.  *See* Ex. E (Ultravision's Motion for Termination of Investigation, Nov. 26, 2018 (Public Version)).  Shortly before Ultravision's withdrawal, the Administrative Law Judge presiding over the ITC Investigation had ruled against Ultravision on certain motions, including a motion filed by Yaham and other respondents relating to alleged inequitable conduct committed by Ultravision.  Ex. H (ITC Investigation Order No. 26 (Public Version)).

Following termination of the ITC Investigation, this Court lifted the automatic stay of this action.  2:18-cv-000118-JRG-RSP, ECF No. 15.  Yaham was served with the Complaint through the Hague Convention on June 26, 2019.

### C.    Facts Relating to Yaham's Lack of Contacts with the Forum

Yaham is a Chinese company with its principal place of business in Shenzhen, China.  Xie Decl., ¶ 2.  It is not incorporated in any U.S. state and it does not have any place of business in Texas.  *Id*.  Yaham owns no real or personal property, has no offices, and maintains no bank

accounts in Texas.  *Id.* at ¶ 3.  None of Yaham's officers, directors or employees is physically located in Texas, or maintains a primary residence or place of business here.  *Id.* at ¶ 4.

Yaham does not do business in Texas.  It is not qualified to do business in Texas, and it has not appointed an agent to accept service of process in Texas.  Xie Decl., ¶ 5.  It does not manufacture, develop, use, sell, or offer to sell any products in Texas.  *Id.* at ¶ 6.  It does not import any products into Texas.  *Id.*  It does not regularly transact or solicit business in Texas or engage in any other persistent course of conduct in Texas.  *Id.* at ¶ 7.  Yaham does not derive revenue from activities in Texas.  *Id.*  It does not advertise in Texas and does not maintain any corporate books or records in Texas.  *Id.* at ¶ 8.  It does not pay taxes in Texas.  *Id.*  While Yaham maintains a website that is accessible to the general public, it does not direct its website specifically to residents of Texas.  *Id.* at ¶ 9.  Yaham does not direct any other advertising to residents of Texas.  *Id.*  It is not possible for Texas residents to place orders for any of its products through Yaham's website. *Id.*

Yaham has not undertaken any act in Texas, or purposefully directed any activities to residents of Texas, in connection with the events alleged in this lawsuit.  Xie Decl., at ¶ 10.  As explained above, the Complaint identifies the D0 product line as allegedly infringing the two asserted patents, and Ultravision also identified the G0 (GD) and YS product lines as allegedly infringing those patents at least at some point in the ITC Investigation.  Yaham does not make, sell, offer to sell, or import any of the D0, G0 (GD), or YS product lines in or into the United States, either now or in the past.  *Id.* at ¶ 11.  Yaham has not undertaken any act in Texas, or purposefully directed any activities to residents of Texas, related to the D0, G0 (GD), or YS product lines.  *Id.* at ¶ 10.

Furthermore, Yaham is not aware of and has no record of any (i) customers located in Texas who have purchased any D0, YS, or G0 (GD) products, (ii) installations of any D0, YS, or G0 (GD) products in Texas, or (iii) D0, YS, or G0 (GD) products being sent to Texas.  Xie Decl., ¶ 15.  Yaham has sold and does sell certain products in the D0, YS, and G0 (GD) product lines to distributors based in the United States, none of whom are located in Texas.  *Id.* at ¶ 12.  Those sales are made in the country of manufacture or in international waters, not in the United States, and the distributors take title to the products outside of the United States.  *Id.*  Yaham generally knows the identity of the end customers of the D0, YS, and G0 (GD) products who purchase those products from Yaham's distributors.  *Id.* at ¶ 14.  Yaham also generally knows where the D0, YS, and G0 (GD) products are installed.  *Id.*  This is due to the nature of these products: they are fixed outdoor LED displays and are not sold to retail consumers.  *Id.* at ¶ 13.  They are designed and manufactured according to specifications provided by each individual customer for purposes of installation at a particular location.  *Id.*

In sum, Yaham is not aware of any established distribution channel for the D0, YS, or G0 (GD) products into the state of Texas, and Yaham does not believe that any such distribution channel exists.  Xie Decl., ¶ 16.

## IV.    LEGAL STANDARDS

The law of the Federal Circuit governs the analysis of personal jurisdiction in cases involving allegation of patent infringement.  *Grober v. Mako Prods., Inc.*, 686 F.3d 1335, 1345 (Fed. Cir. 2012).  The plaintiff bears the burden of proving that personal jurisdiction is proper by a preponderance of the evidence.  *Id.*  While the Court "must accept the *uncontroverted* allegations in the plaintiff's complaint as true," the plaintiff "is entitled to only those inferences that are reasonable."  *Autogenomics, Inc. v. Oxford Gene Tech. Ltd.*, 566 F.3d 1012, 1017-1018 (Fed. Cir. 2009).  When the defendant presents sworn affidavits controverting the complaint's allegations,

6

the plaintiff cannot rest on unsworn assertions but must respond by "'establishing jurisdictional facts through sworn affidavits or other competent evidence.'" *Patent Incentives, Inc. v. Seiko Epson Corp.*, 878 F.2d 1446 (Fed. Cir. 1989) (quoting *Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61, 66-67 n.9 (3rd Cir. 1984)).

"'Determining whether personal jurisdiction exists over an out-of-state defendant involves two inquiries:  whether a forum state's long-arm statute permits service of process, and whether the assertion of personal jurisdiction would violate due process.'" *Avocent Huntsville Corp. v. ATEN Int'l Co.*, 552 F.3d 1324, 1329 (Fed. Cir. 2008) (quoting *Inamed Corp. v. Kuzmak*, 249 F.3d 1356, 1359 (Fed. Cir. 2001)).  "The Texas long-arm statute reaches 'as far as the federal constitutional requirements of due process will allow.'" *Am. Type Culture Collection, Inc. v. Coleman*, 83 S.W.3d 801, 806 (Tex. 2002) (quoting *Guardian Royal Exch. Assurance, Ltd. v. English China Clays, P.L.C.*, 85 S.W. 2d 223, 226 (Tex. 1991)).  The analysis of Texas's long-arm statute and the inquiry of due process under federal law are thus equivalent.  *Pervasive Software Inc. v. Lexware GmbH & Co. KG*, 688 F.3d 214, 220 (5th Cir. 2012); *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008).

For the requirements of due process to be met, the defendant must have sufficient "minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation marks and citations omitted).  Minimum contacts can be satisfied by showing that a defendant is subject to the court's general or specific jurisdiction. *AFTG-TG, LLC v. Nuvoton Tech. Corp.*, 689 F.3d 1358, 1360 (Fed. Cir. 2012).

General personal jurisdiction permits jurisdiction based on a defendant's contacts with the forum state, but only if those contacts are "continuous and systematic." *Helicopteros Nacionales*

*de Colombia v. Hall*, 466 U.S. 408, 416 (1984).  A plaintiff must show that "the corporation's affiliations with the State in which suit is brought are so constant and pervasive 'as to render [it] essentially at home in the forum State,' . . . i.e., comparable to a domestic enterprise in that State." *Daimler AG v. Bauman*, 571 U.S. 117, 122, 132-33 n.1 (2014) (quoting *Goodyear Dunlap Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)).  A corporation is (apart from "exceptional case[s]") at home only in the place of its incorporation or its principal place of business.  *Id.* at 139 n.19.

Specific jurisdiction exists when the claim arises from or relates to conduct purposely directed at the forum state.  *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985).  Determining whether specific personal jurisdiction exists requires considering (1) whether the defendant "purposefully directed its activities at residents of the forum state"; (2) whether "the claim arises out of or relates to the defendant's activities with the forum state"; and (3) whether assertion of personal jurisdiction is "reasonable and fair."  *Celgard, LLC v. SK Innovation Co., Ltd.*, 792 F.3d 1373, 1377 (Fed. Cir. 2015).

Specific jurisdiction may, in appropriate circumstances, be established through the "stream of commerce" theory.  *See J. McIntyre Machinery, Ltd. v. Nicastro*, 564 U.S. 873, 881-882 (2011).  A defendant who purposefully sent products accused of infringement to the forum state through an established distribution channel, when the cause of action for patent infringement arises out of those activities, may be subject to specific jurisdiction.  *See Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1565 (Fed. Cir. 1994).  "The Supreme Court has yet to reach a consensus on the proper articulation of the stream-of-commerce theory."  *AFTG-TG*, 689 F.3d at 1362.  Accordingly, the Federal Circuit "has assessed personal jurisdiction premised on the stream-

of-commerce theory on a case-by-case basis by inquiring whether the particular facts of a case support the exercise of personal jurisdiction." *Id.*

But under any articulation of the "stream of commerce" theory, when there is no sale or distribution of an accused product in the forum state, there is no stream of commerce to the forum state and no personal jurisdiction. *Celgard*, 792 F.3d at 1381-82 (affirming dismissal for lack of personal jurisdiction where there was no evidence that any of the accused products were ever sold or offered for sale in the forum); *AFTG-TG*, 689 F.3d at 1361-62, 1365 (affirming dismissal for lack of personal jurisdiction where there was no evidence of the accused products were ever shipped to the forum state).

A court's exercise of general or specific jurisdiction must not offend "traditional notions of fair play and substantial justice." *Int'l Shoe Co.*, 326 U.S. at 316. To determine whether such offense of traditional notions of fair play and substantial justice have occurred, a court weighs: (1) "the burden on the defendant", (2) the forum state's interest in the dispute, (3) the plaintiff's interest in convenient and effective relief, (4) "the interstate judicial system's interest in obtaining the most efficient resolution of controversies", and (5) "the shared interest of the several States in furthering fundamental substantive social policies." *Asahi Metal Indus. Co., Ltd. v. Superior Court of Cal., Solano Cty.*, 480 U.S. 102, 113 (1987).

## V.    ARGUMENT

Yaham lacks the minimum contacts with Texas required for general or specific personal jurisdiction.  Yaham has not purposely directed any conduct at Texas that gives rise to Ultravision's infringement claims.  Accordingly, Ultravision's Complaint should be dismissed.

### A.    Yaham Is Not Subject to General Jurisdiction in Texas

Yaham clearly lacks the kind of systematic and continuous contacts that would render it "comparable to a domestic enterprise" at home in Texas. *Daimler*, 571 U.S. at 122, 133-134 n.11

(2014).  As the Complaint admits, Yaham is a Chinese corporation based in China.  Case No. 2:18-cv-000118-JRG-RSP, ECF No. 1, ¶ 14.  And as the Xie Declaration establishes, Yaham has no contacts in Texas at all:  it has no physical presence, no assets, no employees, and no regular business activities in Texas, it is not registered to do business in Texas, and it pays no taxes here.  Xie Decl., ¶¶ 2-8; *see* Section III.C *supra*.  "[S]poradic and insubstantial contacts" with Texas would be insufficient to establish general jurisdiction here; Yaham lacks even that.  *See Autogenomics*, 566 F.3d at 1017.

The Complaint's "threadbare recitals" that Yaham "regularly do[es] or solicit[s] business in Texas, and/or (c) engag[es] in persistent conduct and/or deriv[es] substantial revenue from goods and services provided to customers in Texas," (*see* Section III.A *supra*), unsupported by any factual allegations, are the type of "conclusory statements" that need not be credited even at the motion to dismiss stage.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).  Moreover, they are directly contradicted by the Xie Declaration, a sworn affidavit, and thus cannot establish general jurisdiction.  *See Autogenomics,* 566 F.3d at 1017-1018; *Patent Incentives,* 878 F.2d at 1446.

Further, even assuming that Yaham products were distributed in Texas *(but see* Section III.C *supra* and Section V.B *infra*).  Yaham is not subject to general jurisdiction "wherever [its] products are distributed."  *Goodyear Dunlop Tires Operations, SA v. Brown*, 564 U.S. 915, 929 (2011).  In *Daimler*, the Supreme Court "addressed whether a foreign corporation may be subjected to a court's general jurisdiction based on the contacts of its in-state subsidiary."  571 U.S. at 134.  *Daimler* rejected such a theory, *id.* at 136, and further rejected as "unacceptably grasping" the theory that general jurisdiction may be exercised "in every State in which a corporation 'engages in a substantial, continuous, and systematic course of business.'"  *Id.* at 137-38.  Moreover, the holding in *Daimler* follows the Court's earlier decision in *Goodyear Dunlop*,

which held that only the contacts of the *defendant*—not its distributors—mattered when assessing whether contacts are sufficient to confer general jurisdiction. *Goodyear Dunlop,* 564 U.S. at 926-927.   Accordingly, *Goodyear* found no general jurisdiction over the defendant even though its affiliates, acting as distributors, sold thousands of products in the forum state. *Id.* It follows that Yaham is not subject to general jurisdiction based on the actions of its distributors or any other third-party.

### B.      Yaham Is Not Subject to Specific Jurisdiction in Texas.

The Court also does not have specific personal jurisdiction over Yaham.  Specific personal jurisdiction must be based on contacts the "defendant *himself*" creates with the forum State. *Walden v. Fiore*, 571 U.S. 277, 284 (2014).

Here, Yaham has created *no* contacts with Texas that give rise to the infringement alleged in the Complaint.  Yaham does not manufacture, develop, use, sell, or offer to sell any products in Texas.  Xie Decl., ¶ 6.  Yaham does not import any products into Texas. *Id.*  Yaham has not undertaken any act in Texas, or purposefully directed any activities to Texas residents, in connection with the events alleged in this lawsuit. *Id.* at ¶ 10.  Yaham also does not direct any advertising to Texas residents. *Id.* at ¶ 9.  Yaham's maintenance of a publicly-accessible website does not subject it to specific jurisdiction in Texas, particularly given that Texas residents cannot place orders for Yaham products through that website. *Id.* at ¶ 9.  "[I]t cannot be that the mere existence of an interactive website, like the existence of an out-of-state store, is suit-related conduct creating a substantial connection with the forum State." *NexLearn, LLC v. Allen Interactions, Inc.*, 859 F.3d 1371, 1378-79 (Fed. Cir. 2017) (internal quotation marks omitted).[2]  Accordingly,

---

[2] *See also Mink v. AAAA Development LLC,* 190 F.3d 333, 336 (5th Cir. 1999) (web site that merely provided an e-mail order form, e-mail address, or toll-free phone number was a passive advertisement insufficient to invoke personal jurisdiction).

Yaham does not meet either prong of the specific jurisdiction minimum contacts analysis:  Yaham has not "purposefully directed its activities at residents of the forum" and in turn "the claim" does not "arise[] out of or relate[] to the defendant's activities with the forum state."  *See Celgard*, 792 F.3d at 1377.

Ultravision also cannot establish specific jurisdiction under a "stream of commerce" theory, for the simple reason that the "stream of commerce" has not brought *any* accused products to Texas.  Initially, the Complaint accuses "modular LED displays, such as Defendants' Yaham D0 product" of infringing both of the two asserted patents.  2:18-cv-000118-JRG-RSP, ECF No. 1, ¶¶ 27-33, 41-49.   Given Ultravision's contentions during the ITC Investigation, Yaham understands the accused products to include, at most, the D0, G0 (GD), and YS product lines. These are the only products Ultravision accused of infringement of the same two asserted patents during the ITC Investigation, during which Ultravision took full fact discovery from Yaham as recounted above in Section III.B.  This list likely is overinclusive:  Ultravision dropped its allegations against the G0 (GD) product line after fact discovery in the ITC Investigation.  Nothing in the Complaint in this action suggests that any other Yaham products are accused of infringement.  Indeed, the Complaint suggests otherwise by distinguishing Ultravision's alleged invention from other types of LED displays, for example "prior cabinet-based designs."  *Id.* at ¶¶ 5, 6, 10. [3]

To Yaham's knowledge, *no* product in the Yaham D0, G0 (GD), and YS product lines has been sold or distributed in Texas, even through intermediaries.  Yaham has sold products in one or more of these product lines to distributors based in the United States.  Xie Decl, ¶ 12.  Those

---

[3] If Ultravision responds by suggesting that other Yaham products are accused of infringement— despite the complaint's complete lack of factual support for any such allegations and contrary to the ITC Investigation record—Yaham will respond as appropriate in its reply brief.

sales are made in the country of manufacture or in international waters, not in the United States, and the distributors take title to the products outside of the United States. *Id.* at ¶ 12.  Yaham does, however, generally know the identity of the end customers of the D0, YS, and G0 (GD) products who purchase those products from Yaham's distributors. *Id.* at ¶ 14.  Yaham is not aware of and has no record of any customers located in Texas who have purchased any D0, YS, or G0 (GD) products. *Id.* at ¶ 15.  Yaham is not aware of and has no record of installations of any D0, YS, or G0 (GD) products located in Texas. *Id.*  Yaham is not aware of and has no record of any D0, YS, or G0 (GD) products being sent to Texas. *Id.*

It is quite unlikely that accused products made their way into Texas without Yaham's knowledge.  These are not mass-marketed retail products like phones, TVs, or even cars.  Instead, they are designed and manufactured according to specifications provided by each individual customer to be installed at a particular location, such as on the outside of a shopping mall for use in displaying advertisements.  Xie Decl., ¶ 13.  An example installation of D0 products in Hong Kong (depicted on Yaham's website) is shown below; this LED display is over 25 square meters: *Id.* at ¶ 13, Ex. 1.



Likewise, the Complaint identifies similar examples of Ultravision's own products, such as large LED displays in Times Square.  Case No. 2:18-cv-000118-JRG-RSP, ECF 1, ¶ 8 (Fig. 2).

Accordingly, this case is like others where there was no "stream of commerce" jurisdiction because no accused products had been sold in or shipped to the forum state.  In *Celgard*, 792 F.3d at 1376, 1381-82, the record evidence showed that the defendant sold its products (battery components) to manufacturers who then sold completed batteries to consumer electronics manufacturers (e.g., laptops and cell phones) who in turn sold those products in the United States. But because there was "no evidence establishing that [defendant]'s products actually enter the forum state," there was no jurisdiction under a stream of commerce theory.  *Id.* at 1382.  The facts here weigh even more heavily in favor of dismissal than in *Celgard*, because the end products here are not consumer electronics products that might plausibly end up in every state.

Similarly, in *AFTG-TG*, 689 F.3d at 1361-62, 1365, the defendant had shipped products to addresses in the forum state at the request of third party resellers, but there was no evidence that these shipments included accused products and the complaint did not allege that the cause of action related to these shipments.  Like here, "the record did not contain any evidence and the complaint did not allege any facts that demonstrated the defendants' contacts with" the forum state, and the complaint's stream of commerce theory was "mere conjecture."  *Id.* at 1361.  The Federal Circuit affirmed dismissal, contrasting the case with other cases finding jurisdiction (like *Beverly Hills Fan*) where the "defendant's continuous, established distribution channels," were "a significant factor supporting the exercise of personal jurisdiction."  *Id.* at 1365.  Likewise, Yaham has no established distribution channel into Texas for the accused products.  Xie Decl. at ¶ 16. Considering the complaint's reliance on "nothing more than 'bare formulaic accusation,'" the Federal Circuit noted that "the case is not a close call…."  *AFTG-TG*, 689 F.3d at 1365.  Neither is this case.

14

**C.    Exercising Jurisdiction Over Yaham Would Offend Traditional Notions of Fair Play and Substantial Justice.**

The *Asahi* factors all weigh heavily in favor of Yaham, and as such the exercise of personal jurisdiction over Yaham would offend traditional notions of fair play and substantial justice.[4]  *See Asahi*, 480 U.S. at 113.  *First*, Yaham, a Chinese corporation with no employees, presence, assets, or contacts in Texas, would face a substantial burden in having to defend itself in this Court. *Second*, Texas has no specific interest in this dispute.  Nothing about litigating this matter in Texas will further Texas' interest in the efficient resolution of controversies within its judicial system. Indeed, and *third*, the interstate judicial system's policy of comity counsels against the exercise of jurisdiction over foreign entities in these circumstances.   Similarly, and *fourth*, furtherance of this policy of international comity weighs against haling non-residents into this Court in these circumstances.

*Fifth*, and critically, Ultravision cannot tout an interest in convenient and effective relief *when Ultravision already gave up its chance to get relief against Yaham in the ITC Investigation.* The ITC Investigation was scheduled to conclude in September 2019 well ahead of any judicial resolution on the merits of Ultravision's claims in this Court.  The ITC exercises *in rem* jurisdiction over the importation, sale for importation, or sale after importation into the United States of allegedly infringing products.  Yaham was defending in the ITC Investigation against the same infringement claims Ultravision brings here.  Yet Ultravision abandoned the ITC Investigation— perhaps to avoid the consequences of adverse rulings casting doubt on its patents and its claims.

---

[4] Because Ultravision has not established (and cannot establish) the requisite "minimum contacts" between Yaham and Texas, the inquiry ends:  Yaham is not subject to personal jurisdiction in this Court.  The Court thus need not address the "fair play and substantial justice" prong of the Due Process inquiry.  Yaham addresses it here for the sake of completeness.

## CONCLUSION

For the foregoing reasons, Yaham should be dismissed from this action for lack of personal

jurisdiction.

Dated:  July 17, 2019                    Respectfully submitted,

                                         /s/ Jeffrey L. Johnson
                                         Jeffrey L. Johnson
                                         State Bar No. 24029638
                                         **ORRICK, HERRINGTON & SUTCLIFFE LLP**
                                         1301 McKinney, Suite 4100
                                         Houston, TX 77010
                                         Telephone:  713.658.6450
                                         Facsimile:  713.658.6401
                                         jj@orrick.com

                                         Attorneys for Defendant,
                                         YAHAM OPTOELECTRONICS CO., LTD.

## CERTIFICATE OF SERVICE

The undersigned certifies that on July 17, 2019, all counsel of record who are deemed to

have consented to electronic service are being served with a copy of this document through the

Court's CM/ECF system under Local Rule CV-5(a)(3).

                                         /s/ Jeffrey L. Johnson
                                         Jeffrey L. Johnson