IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| ULTRAVISION TECHNOLOGIES, LLC, | § | |
| | § | |
| Plaintiff, | § | C.A. No. 2:18-cv-100-JRG-RSP |
| v. | § | LEAD CASE |
| | § | |
| GOVISION, LLC, | § | JURY TRIAL DEMANDED |
| | § | |
| Defendant. | § | |
| | § | |
| ULTRAVISION TECHNOLOGIES, LLC, | § | |
| | § | |
| | § | |
| Plaintiff, | § | C.A. No. 2:18-cv-118-JRG-RSP |
| v. | § | MEMBER CASE |
| | § | |
| YAHAM OPTOELECTRONICS CO., LTD., | § | JURY TRIAL DEMANDED |
| | § | |
| Defendant. | § | |

**YAHAM OPTOELECTRONICS CO., LTD.'S ANSWER,
AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S
FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Defendant Yaham Optoelectronics Co., Ltd. ("Yaham"), by and through its undersigned

counsel, hereby responds to Plaintiff Ultravision Technologies, LLC's ("Ultravision") First

Amended Complaint for Patent Infringement ("Amended Complaint") as follows. Unless

specifically admitted below, Yaham denies each and every allegation in the Amended Complaint.

The numbered paragraphs below correspond to the numbered paragraphs of the First Amended

Complaint. Headings used in the First Amended Complaint are restated below for ease of

reference, but no admissions are thereby made, as such headings are not allegations requiring an

answer. Yaham denies all allegations not expressly admitted.

**THE PARTIES**

1.  Yaham is without knowledge or information sufficient to form a belief as to the

truth of allegations of paragraph 1 of the First Amended Complaint, and therefore denies the same.

2.  Admitted.

## JURISDICTION

3.     The allegations in this paragraph state a legal contention to which no response is required.  To the extent a response is nonetheless deemed to be required, Yaham admits that the First Amended Complaint purports to set forth a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code, but denies that Ultravision's claims have merit.  Yaham admits that this Court has subject matter jurisdiction over patent infringement suits under 28 U.S.C. §§ 1331 and 1338.

4.     Denied.

5.     Denied.

6.     Yaham admits that Vivian Liang, an employee of Yaham, asked a third party to send a single D0 demo to Ultravision per Ultravision's request for a demo for testing.  Yaham denies that it is subject to personal jurisdiction in this District under a "stream of commerce" theory. Yaham denies all other allegations of paragraph 6 of the First Amended Complaint.

7.     The allegations in this paragraph state a legal contention to which no response is required.  To the extent a response is nonetheless deemed to be required, for purposes of this action only, Yaham does not contest venue in this District, but denies that it is convenient. Yaham denies that it has engaged in any infringing conduct.  Yaham denies the remaining allegations of paragraph 7 of the First Amended Complaint.

8.     Denied.

## PATENTS-IN-SUIT

9.     Yaham admits that an uncertified copy of U.S. Patent No. 9,916,782 (the "'782 Patent") entitled "Modular Display Panel" and purporting to have an issued date of March 13, 2018, was available at the USPTO webpage cited in paragraph 9 of the First Amended Complaint. To the extent this paragraph of the First Amended Complaint includes any other allegations, Yaham denies them.

10.    Yaham admits that an uncertified copy of U.S. Patent No. 9,642,272 (the "'272 Patent) entitled "Method for Modular Multi-Panel Display Wherein Each Display is Sealed to be

Waterproof and Includes Array of Display Elements Arranged to From Display Panel Surface" and purporting to have an issued date of May 2, 2017, was available at the USPTO webpage cited in paragraph 10 of the First Amended Complaint. To the extent this paragraph of the First Amended Complaint includes any other allegations, Yaham denies them.

11. Yaham admits that an uncertified copy of U.S. Patent No. 9,990,869 (the "'869 Patent") entitled "Modular Display Panel" and purporting to have an issued date of June 5, 2018, was available at the USPTO webpage cited in paragraph 11 of the First Amended Complaint. To the extent this paragraph of the First Amended Complaint includes any other allegations, Yaham denies them.

12. Yaham admits that an uncertified copy of U.S. Patent No. 9,047,791 (the "'791 Patent") entitled "Sign Construction with sectional Sign Assemblies and Installation Kit and Method of Using Same" and purporting to have an issued date of June 2, 2015, was available at the USPTO webpage cited in paragraph 12 of the First Amended Complaint. To the extent this paragraph of the First Amended Complaint includes any other allegations, Yaham denies them.

13. Yaham admits that an uncertified copy of U.S. Patent No. 8,870,410 (the "'410 Patent") entitled "Optical Panel for LED Light Source" and purporting to have an issued date of October 28, 2014, was available at the USPTO webpage cited in paragraph 13 of the First Amended Complaint. To the extent this paragraph of the First Amended Complaint includes any other allegations, Yaham denies them.

14. Yaham admits that an uncertified copy of U.S. Patent No. 8,870,413 (the "'413 Patent") entitled "Optical Panel for LED Light Source" and purporting to have an issued date of October 28, 2014, was available at the USPTO webpage cited in paragraph 14 of the First Amended Complaint. To the extent this paragraph of the First Amended Complaint includes any other allegations, Yaham denies them.

15. Yaham admits that an uncertified copy of U.S. Patent No. 9,734,738 (the "'738 Patent") entitled "Apparatus with Lighting Units" and purporting to have an issued date of August 15, 2017, was available at the USPTO webpage cited in paragraph 15 of the First Amended

Complaint. To the extent this paragraph of the First Amended Complaint includes any other allegations, Yaham denies them.

16. Yaham admits that an uncertified copy of U.S. Patent No. 9,947,248 (the "'248 Patent") entitled "Lighting Assembly with Multiple Lighting Units" and purporting to have an issued date of April 17, 2018, was available at the USPTO webpage cited in paragraph 16 of the First Amended Complaint. To the extent this paragraph of the First Amended Complaint includes any other allegations, Yaham denies them.

17. Yaham admits that an uncertified copy of U.S. Patent No. 9,984,603 (the "'603 Patent") entitled "Modular Display Panel" and purporting to have an issued date of May 29, 2018, was available at the USPTO webpage cited in paragraph 17 of the First Amended Complaint. To the extent this paragraph of the First Amended Complaint includes any other allegations, Yaham denies them.

18. Upon information and belief, denied.

19. Yaham is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 of the First Amended Complaint, and therefore denies the same.

**DEFENDANT'S PRODUCTS**

20. Admitted.

21. Yaham admits that this paragraph appears to show images of a Yaham D0 product, though the source of the images is unidentified. To the extent this paragraph of the First Amended Complaint includes any other allegations, Yaham denies them.

22. Yaham admits that this paragraph appears to show images of a Yaham X2s product, though the source of the images is unidentified. To the extent this paragraph of the First Amended Complaint includes any other allegations, Yaham denies them

23. Yaham admits that this paragraph appears to show images of a Yaham CF Series product, though the source of the images is unidentified. To the extent this paragraph of the First Amended Complaint includes any other allegations, Yaham denies them

24.     Yaham admits that this paragraph appears to show images of a Yaham Edge LED series product, though the source of the images is unidentified.  To the extent this paragraph of the First Amended Complaint includes any other allegations, Yaham denies them

25.     Yaham admits that this paragraph appears to show images of a Yaham TRi LED Series product, though the source of the images is unidentified.  To the extent this paragraph of the First Amended Complaint includes any other allegations, Yaham denies them

26.     Yaham admits that this paragraph appears to show images of a Yaham LED Shoebox product, though the source of the images is unidentified.  To the extent this paragraph of the First Amended Complaint includes any other allegations, Yaham denies them

## COUNT I

### (Infringement of the '782 Patent)

27.     Yaham repeats and incorporates its responses to paragraphs 1 through 26 of the First Amended Complaint as if fully set forth herein.

28.     Denied, at least because Yaham does not require authority or license from Ultravision to conduct Yaham's activities.

29.     The allegations of this paragraph state a legal contention to which no response is required, at least because responding would require a determination of the meaning of patent claim language as a matter of law.  To the extent a response is nonetheless deemed to be required, Yaham denies the allegations of this paragraph, at least because this paragraph does not identify what aspect(s) of the accused product allegedly are at issue and does not provide any construction or interpretation of the claim language incorporated within the paragraph.  Yaham further denies that the allegations of this paragraph are relevant to any claim of alleged infringement.

30.     The allegations of this paragraph state a legal contention to which no response is required, at least because responding would require a determination of the meaning of patent claim language as a matter of law.  To the extent a response is nonetheless deemed to be required, Yaham denies the allegations of this paragraph, at least because this paragraph does not identify what aspect(s) of the accused product allegedly are at issue and does not provide any construction or

interpretation of the claim language incorporated within the paragraph. Yaham further denies that the allegations of this paragraph are relevant to any claim of alleged infringement.

31.     The allegations of this paragraph state a legal contention to which no response is required, at least because responding would require a determination of the meaning of patent claim language as a matter of law. To the extent a response is nonetheless deemed to be required, Yaham denies the allegations of this paragraph, at least because this paragraph does not identify what aspect(s) of the accused product allegedly are at issue and does not provide any construction or interpretation of the claim language incorporated within the paragraph. Yaham further denies that the allegations of this paragraph are relevant to any claim of alleged infringement.

32.     The allegations of this paragraph state a legal contention to which no response is required, at least because responding would require a determination of the meaning of patent claim language as a matter of law. To the extent a response is nonetheless deemed to be required, Yaham denies the allegations of this paragraph, at least because this paragraph does not identify what aspect(s) of the accused product allegedly are at issue and does not provide any construction or interpretation of the claim language incorporated within the paragraph. Yaham further denies that the allegations of this paragraph are relevant to any claim of alleged infringement.

33.     The allegations of this paragraph state a legal contention to which no response is required, at least because responding would require a determination of the meaning of patent claim language as a matter of law. To the extent a response is nonetheless deemed to be required, Yaham denies the allegations of this paragraph, at least because this paragraph does not identify what aspect(s) of the accused product allegedly are at issue and does not provide any construction or interpretation of the claim language incorporated within the paragraph. Yaham further denies that the allegations of this paragraph are relevant to any claim of alleged infringement.

34.     The allegations of this paragraph state a legal contention to which no response is required, at least because responding would require a determination of the meaning of patent claim language as a matter of law. To the extent a response is nonetheless deemed to be required, Yaham denies the allegations of this paragraph, at least because this paragraph does not identify what

aspect(s) of the accused product allegedly are at issue and does not provide any construction or interpretation of the claim language incorporated within the paragraph. Yaham further denies that the allegations of this paragraph are relevant to any claim of alleged infringement.

35. The allegations of this paragraph state a legal contention to which no response is required, at least because responding would require a determination of the meaning of patent claim language as a matter of law. To the extent a response is nonetheless deemed to be required, Yaham denies the allegations of this paragraph, at least because this paragraph does not identify what aspect(s) of the accused product allegedly are at issue and does not provide any construction or interpretation of the claim language incorporated within the paragraph. Yaham further denies that the allegations of this paragraph are relevant to any claim of alleged infringement.

36. The allegations of this paragraph state a legal contention to which no response is required, at least because responding would require a determination of the meaning of patent claim language as a matter of law. To the extent a response is nonetheless deemed to be required, Yaham denies the allegations of this paragraph, at least because this paragraph does not identify what aspect(s) of the accused product allegedly are at issue and does not provide any construction or interpretation of the claim language incorporated within the paragraph. Yaham further denies that the allegations of this paragraph are relevant to any claim of alleged infringement.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

## COUNT II
### (Infringement of the '272 Patent)

43. Yaham repeats and incorporates its responses to paragraphs 1 through 26 of the First Amended Complaint as if fully set forth herein.

44.     Denied, at least because Yaham does not require authority or license from Ultravision to conduct Yaham's activities.

45.     The allegations of this paragraph state a legal contention to which no response is required, at least because responding would require a determination of the meaning of patent claim language as a matter of law. To the extent a response is nonetheless deemed to be required, Yaham denies the allegations of this paragraph, at least because this paragraph does not identify what aspect(s) of the accused product allegedly are at issue and does not provide any construction or interpretation of the claim language incorporated within the paragraph. Yaham further denies that the allegations of this paragraph are relevant to any claim of alleged infringement.

46.     The allegations of this paragraph state a legal contention to which no response is required, at least because responding would require a determination of the meaning of patent claim language as a matter of law. To the extent a response is nonetheless deemed to be required, Yaham denies the allegations of this paragraph, at least because this paragraph does not identify what aspect(s) of the accused product allegedly are at issue and does not provide any construction or interpretation of the claim language incorporated within the paragraph. Yaham further denies that the allegations of this paragraph are relevant to any claim of alleged infringement.

47.     The allegations of this paragraph state a legal contention to which no response is required, at least because responding would require a determination of the meaning of patent claim language as a matter of law. To the extent a response is nonetheless deemed to be required, Yaham denies the allegations of this paragraph, at least because this paragraph does not identify what aspect(s) of the accused product allegedly are at issue and does not provide any construction or interpretation of the claim language incorporated within the paragraph. Yaham further denies that the allegations of this paragraph are relevant to any claim of alleged infringement.

48.     The allegations of this paragraph state a legal contention to which no response is required, at least because responding would require a determination of the meaning of patent claim language as a matter of law. To the extent a response is nonetheless deemed to be required, Yaham denies the allegations of this paragraph, at least because this paragraph does not identify what

aspect(s) of the accused product allegedly are at issue and does not provide any construction or interpretation of the claim language incorporated within the paragraph. Yaham further denies that the allegations of this paragraph are relevant to any claim of alleged infringement.

49.     The allegations of this paragraph state a legal contention to which no response is required, at least because responding would require a determination of the meaning of patent claim language as a matter of law. To the extent a response is nonetheless deemed to be required, Yaham denies the allegations of this paragraph, at least because this paragraph does not identify what aspect(s) of the accused product allegedly are at issue and does not provide any construction or interpretation of the claim language incorporated within the paragraph. Yaham further denies that the allegations of this paragraph are relevant to any claim of alleged infringement.

50.     The allegations of this paragraph state a legal contention to which no response is required, at least because responding would require a determination of the meaning of patent claim language as a matter of law. To the extent a response is nonetheless deemed to be required, Yaham denies the allegations of this paragraph, at least because this paragraph does not identify what aspect(s) of the accused product allegedly are at issue and does not provide any construction or interpretation of the claim language incorporated within the paragraph. Yaham further denies that the allegations of this paragraph are relevant to any claim of alleged infringement.

51.     Denied.

52.     Denied.

53.     Denied.

54.     Denied.

55.     Denied.

56.     Denied.

<u>**COUNT III**</u>
**(Infringement of the '869 Patent)**

57.     Yaham repeats and incorporates its responses to paragraphs 1 through 26 of the First Amended Complaint as if fully set forth herein.

58.     Denied, at least because Yaham does not require authority or license from Ultravision to conduct Yaham's activities.

59.     The allegations of this paragraph state a legal contention to which no response is required, at least because responding would require a determination of the meaning of patent claim language as a matter of law. To the extent a response is nonetheless deemed to be required, Yaham denies the allegations of this paragraph, at least because this paragraph does not identify what aspect(s) of the accused product allegedly are at issue and does not provide any construction or interpretation of the claim language incorporated within the paragraph. Yaham further denies that the allegations of this paragraph are relevant to any claim of alleged infringement.

60.     The allegations of this paragraph state a legal contention to which no response is required, at least because responding would require a determination of the meaning of patent claim language as a matter of law. To the extent a response is nonetheless deemed to be required, Yaham denies the allegations of this paragraph, at least because this paragraph does not identify what aspect(s) of the accused product allegedly are at issue and does not provide any construction or interpretation of the claim language incorporated within the paragraph. Yaham further denies that the allegations of this paragraph are relevant to any claim of alleged infringement.

61.     The allegations of this paragraph state a legal contention to which no response is required, at least because responding would require a determination of the meaning of patent claim language as a matter of law. To the extent a response is nonetheless deemed to be required, Yaham denies the allegations of this paragraph, at least because this paragraph does not identify what aspect(s) of the accused product allegedly are at issue and does not provide any construction or interpretation of the claim language incorporated within the paragraph. Yaham further denies that the allegations of this paragraph are relevant to any claim of alleged infringement.

62.     The allegations of this paragraph state a legal contention to which no response is required, at least because responding would require a determination of the meaning of patent claim language as a matter of law. To the extent a response is nonetheless deemed to be required, Yaham denies the allegations of this paragraph, at least because this paragraph does not identify what

aspect(s) of the accused product allegedly are at issue and does not provide any construction or interpretation of the claim language incorporated within the paragraph. Yaham further denies that the allegations of this paragraph are relevant to any claim of alleged infringement.

63. The allegations of this paragraph state a legal contention to which no response is required, at least because responding would require a determination of the meaning of patent claim language as a matter of law. To the extent a response is nonetheless deemed to be required, Yaham denies the allegations of this paragraph, at least because this paragraph does not identify what aspect(s) of the accused product allegedly are at issue and does not provide any construction or interpretation of the claim language incorporated within the paragraph. Yaham further denies that the allegations of this paragraph are relevant to any claim of alleged infringement.

64. The allegations of this paragraph state a legal contention to which no response is required, at least because responding would require a determination of the meaning of patent claim language as a matter of law. To the extent a response is nonetheless deemed to be required, Yaham denies the allegations of this paragraph, at least because this paragraph does not identify what aspect(s) of the accused product allegedly are at issue and does not provide any construction or interpretation of the claim language incorporated within the paragraph. Yaham further denies that the allegations of this paragraph are relevant to any claim of alleged infringement.

65. The allegations of this paragraph state a legal contention to which no response is required, at least because responding would require a determination of the meaning of patent claim language as a matter of law. To the extent a response is nonetheless deemed to be required, Yaham denies the allegations of this paragraph, at least because this paragraph does not identify what aspect(s) of the accused product allegedly are at issue and does not provide any construction or interpretation of the claim language incorporated within the paragraph. Yaham further denies that the allegations of this paragraph are relevant to any claim of alleged infringement.

66. Denied.

67. Denied.

68. Denied.

69.    Denied.

70.    Denied.

71.    Denied.

72.    Denied.

73.    Denied.

74.    Denied.

## COUNT IV
### (Infringement of the '791 Patent)

75.    Yaham repeats and incorporates its responses to paragraphs 1 through 26 of the First Amended Complaint as if fully set forth herein.

76.    Denied, at least because Yaham does not require authority or license from Ultravision to conduct Yaham's activities.

77.    The allegations of this paragraph state a legal contention to which no response is required, at least because responding would require a determination of the meaning of patent claim language as a matter of law.  To the extent a response is nonetheless deemed to be required, Yaham denies the allegations of this paragraph, at least because this paragraph does not identify what aspect(s) of the accused product allegedly are at issue and does not provide any construction or interpretation of the claim language incorporated within the paragraph.  Yaham further denies that the allegations of this paragraph are relevant to any claim of alleged infringement.

78.    The allegations of this paragraph state a legal contention to which no response is required, at least because responding would require a determination of the meaning of patent claim language as a matter of law.  To the extent a response is nonetheless deemed to be required, Yaham denies the allegations of this paragraph, at least because this paragraph does not identify what aspect(s) of the accused product allegedly are at issue and does not provide any construction or interpretation of the claim language incorporated within the paragraph.  Yaham further denies that the allegations of this paragraph are relevant to any claim of alleged infringement.

79.     The allegations of this paragraph state a legal contention to which no response is required, at least because responding would require a determination of the meaning of patent claim language as a matter of law.  To the extent a response is nonetheless deemed to be required, Yaham denies the allegations of this paragraph, at least because this paragraph does not identify what aspect(s) of the accused product allegedly are at issue and does not provide any construction or interpretation of the claim language incorporated within the paragraph.  Yaham further denies that the allegations of this paragraph are relevant to any claim of alleged infringement.

80.     The allegations of this paragraph state a legal contention to which no response is required, at least because responding would require a determination of the meaning of patent claim language as a matter of law.  To the extent a response is nonetheless deemed to be required, Yaham denies the allegations of this paragraph, at least because this paragraph does not identify what aspect(s) of the accused product allegedly are at issue and does not provide any construction or interpretation of the claim language incorporated within the paragraph.  Yaham further denies that the allegations of this paragraph are relevant to any claim of alleged infringement.

81.     Denied.

82.     Denied.

83.     Denied.

84.     Denied.

85.     Denied.

86.     Denied.

87.     Denied.

88.     Denied.

## <u>COUNT V</u>
### (Infringement of the '410 Patent)

89.     Yaham repeats and incorporates its responses to paragraphs 1 through 26 of the First Amended Complaint as if fully set forth herein.

90. Denied, at least because Yaham does not require authority or license from Ultravision to conduct Yaham's activities.

91. The allegations of this paragraph state a legal contention to which no response is required, at least because responding would require a determination of the meaning of patent claim language as a matter of law. To the extent a response is nonetheless deemed to be required, Yaham denies the allegations of this paragraph, at least because this paragraph does not identify what aspect(s) of the accused product allegedly are at issue and does not provide any construction or interpretation of the claim language incorporated within the paragraph. Yaham further denies that the allegations of this paragraph are relevant to any claim of alleged infringement.

92. The allegations of this paragraph state a legal contention to which no response is required, at least because responding would require a determination of the meaning of patent claim language as a matter of law. To the extent a response is nonetheless deemed to be required, Yaham denies the allegations of this paragraph, at least because this paragraph does not identify what aspect(s) of the accused product allegedly are at issue and does not provide any construction or interpretation of the claim language incorporated within the paragraph. Yaham further denies that the allegations of this paragraph are relevant to any claim of alleged infringement.

93. The allegations of this paragraph state a legal contention to which no response is required, at least because responding would require a determination of the meaning of patent claim language as a matter of law. To the extent a response is nonetheless deemed to be required, Yaham denies the allegations of this paragraph, at least because this paragraph does not identify what aspect(s) of the accused product allegedly are at issue and does not provide any construction or interpretation of the claim language incorporated within the paragraph. Yaham further denies that the allegations of this paragraph are relevant to any claim of alleged infringement.

94. Denied.

95. Denied.

96. Denied.

97. Denied.

98. Denied.

99. Denied.

100. Denied.

101. Denied.

## COUNT VI
### (Infringement of the '413 Patent)

102. Yaham repeats and incorporates its responses to paragraphs 1 through 26 of the First Amended Complaint as if fully set forth herein.

103. Denied, at least because Yaham does not require authority or license from Ultravision to conduct Yaham's activities.

104. The allegations of this paragraph state a legal contention to which no response is required, at least because responding would require a determination of the meaning of patent claim language as a matter of law. To the extent a response is nonetheless deemed to be required, Yaham denies the allegations of this paragraph, at least because this paragraph does not identify what aspect(s) of the accused product allegedly are at issue and does not provide any construction or interpretation of the claim language incorporated within the paragraph. Yaham further denies that the allegations of this paragraph are relevant to any claim of alleged infringement.

105. The allegations of this paragraph state a legal contention to which no response is required, at least because responding would require a determination of the meaning of patent claim language as a matter of law. To the extent a response is nonetheless deemed to be required, Yaham denies the allegations of this paragraph, at least because this paragraph does not identify what aspect(s) of the accused product allegedly are at issue and does not provide any construction or interpretation of the claim language incorporated within the paragraph. Yaham further denies that the allegations of this paragraph are relevant to any claim of alleged infringement.

106. The allegations of this paragraph state a legal contention to which no response is required, at least because responding would require a determination of the meaning of patent claim language as a matter of law. To the extent a response is nonetheless deemed to be required, Yaham

denies the allegations of this paragraph, at least because this paragraph does not identify what aspect(s) of the accused product allegedly are at issue and does not provide any construction or interpretation of the claim language incorporated within the paragraph. Yaham further denies that the allegations of this paragraph are relevant to any claim of alleged infringement.

107. Denied.

108. Denied.

109. Denied.

110. Denied.

111. Denied.

112. Denied.

113. Denied.

114. Denied.

**COUNT VII**
**(Infringement of the '738 Patent)**

115. Yaham repeats and incorporates its responses to paragraphs 1 through 26 of the First Amended Complaint as if fully set forth herein.

116. Denied, at least because Yaham does not require authority or license from Ultravision to conduct Yaham's activities.

117. The allegations of this paragraph state a legal contention to which no response is required, at least because responding would require a determination of the meaning of patent claim language as a matter of law. To the extent a response is nonetheless deemed to be required, Yaham denies the allegations of this paragraph, at least because this paragraph does not identify what aspect(s) of the accused product allegedly are at issue and does not provide any construction or interpretation of the claim language incorporated within the paragraph. Yaham further denies that the allegations of this paragraph are relevant to any claim of alleged infringement.

118. The allegations of this paragraph state a legal contention to which no response is required, at least because responding would require a determination of the meaning of patent claim

language as a matter of law. To the extent a response is nonetheless deemed to be required, Yaham denies the allegations of this paragraph, at least because this paragraph does not identify what aspect(s) of the accused product allegedly are at issue and does not provide any construction or interpretation of the claim language incorporated within the paragraph. Yaham further denies that the allegations of this paragraph are relevant to any claim of alleged infringement.

119.    The allegations of this paragraph state a legal contention to which no response is required, at least because responding would require a determination of the meaning of patent claim language as a matter of law. To the extent a response is nonetheless deemed to be required, Yaham denies the allegations of this paragraph, at least because this paragraph does not identify what aspect(s) of the accused product allegedly are at issue and does not provide any construction or interpretation of the claim language incorporated within the paragraph. Yaham further denies that the allegations of this paragraph are relevant to any claim of alleged infringement.

120.    Denied.

121.    Denied.

122.    Denied.

123.    Denied.

124.    Denied.

125.    Denied.

126.    Denied.

127.    Denied.

## COUNT VIII
### (Infringement of the '248 Patent)

128.    Yaham repeats and incorporates its responses to paragraphs 1 through 26 of the First Amended Complaint as if fully set forth herein.

129.    Denied, at least because Yaham does not require authority or license from Ultravision to conduct Yaham's activities.

130.     The allegations of this paragraph state a legal contention to which no response is required, at least because responding would require a determination of the meaning of patent claim language as a matter of law.  To the extent a response is nonetheless deemed to be required, Yaham denies the allegations of this paragraph, at least because this paragraph does not identify what aspect(s) of the accused product allegedly are at issue and does not provide any construction or interpretation of the claim language incorporated within the paragraph.  Yaham further denies that the allegations of this paragraph are relevant to any claim of alleged infringement.

131.     The allegations of this paragraph state a legal contention to which no response is required, at least because responding would require a determination of the meaning of patent claim language as a matter of law.  To the extent a response is nonetheless deemed to be required, Yaham denies the allegations of this paragraph, at least because this paragraph does not identify what aspect(s) of the accused product allegedly are at issue and does not provide any construction or interpretation of the claim language incorporated within the paragraph.  Yaham further denies that the allegations of this paragraph are relevant to any claim of alleged infringement.

132.     The allegations of this paragraph state a legal contention to which no response is required, at least because responding would require a determination of the meaning of patent claim language as a matter of law.  To the extent a response is nonetheless deemed to be required, Yaham denies the allegations of this paragraph, at least because this paragraph does not identify what aspect(s) of the accused product allegedly are at issue and does not provide any construction or interpretation of the claim language incorporated within the paragraph.  Yaham further denies that the allegations of this paragraph are relevant to any claim of alleged infringement.

133.     Denied.

134.     Denied.

135.     Denied.

136.     Denied.

137.     Denied.

138.     Denied.

139.     Denied.

140.     Denied.

## COUNT IX
### (Infringement of the '603 Patent)

141.     Yaham repeats and incorporates its responses to paragraphs 1 through 26 of the First Amended Complaint as if fully set forth herein.

142.     Denied, at least because Yaham does not require authority or license from Ultravision to conduct Yaham's activities.

143.     The allegations of this paragraph state a legal contention to which no response is required, at least because responding would require a determination of the meaning of patent claim language as a matter of law.  To the extent a response is nonetheless deemed to be required, Yaham denies the allegations of this paragraph, at least because this paragraph does not identify what aspect(s) of the accused product allegedly are at issue and does not provide any construction or interpretation of the claim language incorporated within the paragraph.  Yaham further denies that the allegations of this paragraph are relevant to any claim of alleged infringement.

144.     The allegations of this paragraph state a legal contention to which no response is required, at least because responding would require a determination of the meaning of patent claim language as a matter of law.  To the extent a response is nonetheless deemed to be required, Yaham denies the allegations of this paragraph, at least because this paragraph does not identify what aspect(s) of the accused product allegedly are at issue and does not provide any construction or interpretation of the claim language incorporated within the paragraph.  Yaham further denies that the allegations of this paragraph are relevant to any claim of alleged infringement.

145.     The allegations of this paragraph state a legal contention to which no response is required, at least because responding would require a determination of the meaning of patent claim language as a matter of law.  To the extent a response is nonetheless deemed to be required, Yaham denies the allegations of this paragraph, at least because this paragraph does not identify what aspect(s) of the accused product allegedly are at issue and does not provide any construction or

interpretation of the claim language incorporated within the paragraph. Yaham further denies that the allegations of this paragraph are relevant to any claim of alleged infringement.

146. The allegations of this paragraph state a legal contention to which no response is required, at least because responding would require a determination of the meaning of patent claim language as a matter of law. To the extent a response is nonetheless deemed to be required, Yaham denies the allegations of this paragraph, at least because this paragraph does not identify what aspect(s) of the accused product allegedly are at issue and does not provide any construction or interpretation of the claim language incorporated within the paragraph. Yaham further denies that the allegations of this paragraph are relevant to any claim of alleged infringement.

147. The allegations of this paragraph state a legal contention to which no response is required, at least because responding would require a determination of the meaning of patent claim language as a matter of law. To the extent a response is nonetheless deemed to be required, Yaham denies the allegations of this paragraph, at least because this paragraph does not identify what aspect(s) of the accused product allegedly are at issue and does not provide any construction or interpretation of the claim language incorporated within the paragraph. Yaham further denies that the allegations of this paragraph are relevant to any claim of alleged infringement.

148. The allegations of this paragraph state a legal contention to which no response is required, at least because responding would require a determination of the meaning of patent claim language as a matter of law. To the extent a response is nonetheless deemed to be required, Yaham denies the allegations of this paragraph, at least because this paragraph does not identify what aspect(s) of the accused product allegedly are at issue and does not provide any construction or interpretation of the claim language incorporated within the paragraph. Yaham further denies that the allegations of this paragraph are relevant to any claim of alleged infringement.

149. The allegations of this paragraph state a legal contention to which no response is required, at least because responding would require a determination of the meaning of patent claim language as a matter of law. To the extent a response is nonetheless deemed to be required, Yaham denies the allegations of this paragraph, at least because this paragraph does not identify what

aspect(s) of the accused product allegedly are at issue and does not provide any construction or interpretation of the claim language incorporated within the paragraph. Yaham further denies that the allegations of this paragraph are relevant to any claim of alleged infringement.

150. The allegations of this paragraph state a legal contention to which no response is required, at least because responding would require a determination of the meaning of patent claim language as a matter of law. To the extent a response is nonetheless deemed to be required, Yaham denies the allegations of this paragraph, at least because this paragraph does not identify what aspect(s) of the accused product allegedly are at issue and does not provide any construction or interpretation of the claim language incorporated within the paragraph. Yaham further denies that the allegations of this paragraph are relevant to any claim of alleged infringement.

151. Denied.

152. Denied.

153. Denied.

154. Denied.

155. Denied.

156. Denied.

157. Denied.

## PLAINTIFF'S PRAYER FOR RELIEF

Yaham denies that Ultravision is entitled to any relief in any form whatsoever from Yaham and specifically denies that Ultravision is entitled to any of the relief sought in paragraphs a. – e. of its Prayer for Relief.

## ADDITIONAL DEFENSES

As further answer and as additional defenses, but without assuming any burden that it would not otherwise have or admitting that it bears the burden of proof with respect to any of the following, Yaham asserts the following defenses and alleges as follows. Yaham reserves all rights to allege additional defenses that become known through the course of discovery.

## FIRST DEFENSE
### (Failure to State a Claim)

The Amended Complaint fails to state a claim on which relief can be granted.

## SECOND DEFENSE
### (Noninfringement)

Yaham has not infringed and does not infringe, directly or indirectly, any claim of the asserted patents literally or under the doctrine of equivalents.

## THIRD DEFENSE
### (Invalidity)

One or more of the claims of the asserted patents are invalid for failure to satisfy the conditions of patentability set forth in 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. §§ 101, 102, 103, and/or 112.

## FOURTH DEFENSE
### (Prosecution History Estoppel and Disclaimer)

Based on proceedings before the United States Patent and Trademark Office during the prosecution of the applications that issued as the asserted patents and/or the application to which the asserted patents claim priority, Ultravision is precluded or otherwise estopped from asserting that any claim of the asserted patent covers, either literally or under the doctrine of equivalents, any product or method made, performed, used, sold, offered for sale, or imported by Yaham.

## FIFTH DEFENSE
### (Limitation of Damages)

Ultravision's claims and prayer for relief are barred in whole or in part by 35 U.S.C. §§ 286, 287, and/or 288.

## SIXTH DEFENSE
### (License, Exhaustion)

To the extent Ultravision's infringement allegations relate to products or services that were provided by or for any licensee of the asserted patents and/or provided to Yaham by or through a licensee of the asserted patents or under a covenant not to sue, whether express or implied, Ultravision's claims are barred.

**SEVENTH DEFENSE**
**(Lack of Notice)**

Yaham did not have notice of the asserted patents prior to service of the original Complaint in this action. For at least this reason, Yaham could not have, and did not, indirectly infringe any claim of the asserted patents prior to service of the original Complaint. Yaham reserves all rights to move for appropriate relief, including that Ultravision's indirect infringement claims are not cognizable as a matter of law because Yaham did not have the requisite notice of the asserted patents.

**EIGHTH DEFENSE**
**(Unenforceability Due to Inequitable Conduct)**







**NINTH DEFENSE**
**(Personal Jurisdiction)**

Ultravision's claims and prayer for relief are barred because this Court lacks personal

jurisdiction over Yaham.

**TENTH DEFENSE**
**(Equitable Estoppel)**

Ultravision's claims and prayer for relief are barred by the doctrine of equitable estoppel.

**ELEVENTH DEFENSE**
**(Waiver)**

Ultravision's claims and prayer for relief are barred by the doctrine of waiver.

## TWELFTH DEFENSE
### (Unclean Hands)

Ultravision's claims and prayer for relief are barred by the doctrine of unclean hands.

## THIRTEENTH DEFENSE
### (Lack of Standing)

Ultravision's claims and prayer for relief are barred because Ultravision does not have standing to bring its claims including, but not limited to, the fact that Ultravision does not own the invention(s) disclosed in the Asserted Patents.

## RESERVATION OF ALL DEFENSES

Yaham alleges that it may have other separate and additional defenses of which it is not presently aware and hereby reserves the right to raise such defenses by amendment of this Answer, including to conform to proof at trial. Yaham therefore reserves all defenses under the Federal Rules of Civil Procedure, including Rule 8(c), the Patent Laws of the United States and any other and additional defenses, at law or in equity, that are now or may become available or appear during, or as a result of, discovery proceedings in this action.

## COUNTERCLAIMS

For its counterclaims against Plaintiff Ultravision Technologies, LLC ("Ultravision"), Counterclaim Plaintiff Yaham Optoelectronics Co., Ltd. ("Yaham"), alleges as follows:

## PARTIES

1.      Counterclaim Plaintiff Yaham is a company incorporated under the laws of the People's Republic of China, with its principal operating business located at #118 Yongfu Rd., Qiaotou Community, Fuyong, Baoan District, Shenzhen, P.R. China, 518103.

2.       On information and belief, Counterclaim Defendant Ultravision is a corporation incorporated and existing under the laws of the State of Delaware and registered to do business in Texas. Ultravision, on information and belief, has a principal place of business at 4542 McEwen Road, Dallas, Texas 75244.

## JURISDICTION

3.      Yaham incorporates by reference Paragraphs 1-2 above.

4.      Counterclaims 1-22 arise under the patent laws of the United States, Title 35, United States Code.  Counterclaim 23 arises under the Lanham Act, Title 15 of the United States Code.  The jurisdiction of this Court is proper under at least 35 U.S.C. § 271 et seq., 15 U.S.C. § 1051 *et seq*., and 28 U.S.C. §§ 1331, 1338, 1367, and 2201-02.

5.      Ultravision has consented to the personal jurisdiction of this Court with respect to Counterclaims 1-22 at least by commencing its action for patent infringement in this District, as set forth in its First Amended Complaint.  This Court has specific personal jurisdiction over Ultravision with respect to Counterclaim 23 because acts giving rise to this Counterclaim have occurred in this District and in Texas.  This Court further has general personal jurisdiction over Ultravision as to all Counterclaims because, upon information and belief and as alleged by Ultravision, Ultravision's principal place of business is in Texas.  The exercise of personal jurisdiction over Ultravision with respect to these Counterclaims would not offend traditional notions of fair play and substantial justice.

6.      Based solely on Plaintiff's filing of this action, venue with respect to Counterclaims 1-22 is proper, though not necessarily convenient, in this District pursuant at least to 28 U.S.C. § 1400.  Venue is proper with respect to Counterclaim 23 under 28 U.S.C. § 1391.

**COUNT ONE**
**DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '782 PATENT**

7.      Yaham incorporates by reference Paragraphs 1-6 above.

8.      Based on Ultravision's filing of this action and at least Yaham's second affirmative defense, an actual controversy has arisen and now exists between the parties as to whether Yaham infringes U.S. Patent No. 9,916,782 (the "'782 Patent").  Absent a declaration of non-infringement, Ultravision will continue to assert infringement against Yaham and others, including Yaham's customers, in violation of the law and contrary to the public policy of the United States, and thereby will continue to cause Yaham irreparable injury and damage.

9.      Yaham does not infringe the '782 Patent because the accused products do not practice each claim limitation of the '782 Patent.

10. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Yaham requests a declaration that Yaham has not infringed (directly or indirectly) any claim of the '782 Patent.

**COUNT TWO**
**DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '272 PATENT**

11. Yaham incorporates by reference Paragraphs 1-10 above.

12. Based on Ultravision's filing of this action and at least Yaham's second affirmative defense, an actual controversy has arisen and now exists between the parties as to whether Yaham infringes U.S. Patent No. 9,642,272 (the "'272 Patent"). Absent a declaration of non-infringement, Ultravision will continue to assert infringement against Yaham and others, including Yaham's customers, in violation of the law and contrary to the public policy of the United States, and thereby will continue to cause Yaham irreparable injury and damage.

13. Yaham does not infringe the '782 Patent because the accused products do not practice each claim limitation of the '782 Patent.

14. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Yaham requests a declaration that Yaham has not infringed (directly or indirectly) any claim of the '782 Patent.

**COUNT THREE**
**DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '869 PATENT**

15. Yaham incorporates by reference Paragraphs 1-14 above.

16. Based on Ultravision's filing of this action and at least Yaham's second affirmative defense, an actual controversy has arisen and now exists between the parties as to whether Yaham infringes U.S. Patent No. 9,990,869 (the "'869 Patent"). Absent a declaration of non-infringement, Ultravision will continue to assert infringement against Yaham and others, including Yaham's customers, in violation of the law and contrary to the public policy of the United States, and thereby will continue to cause Yaham irreparable injury and damage.

17. Yaham does not infringe the '869 Patent because the accused products do not practice each claim limitation of the '869 Patent.

18.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Yaham requests a declaration that Yaham has not infringed (directly or indirectly) any claim of the '869 Patent.

**COUNT FOUR**
**DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '791 PATENT**

19.     Yaham incorporates by reference Paragraphs 1-18 above.

20.     Based on Ultravision's filing of this action and at least Yaham's second affirmative defense, an actual controversy has arisen and now exists between the parties as to whether Yaham infringes U.S. Patent No. 9,047,791 (the "'791 Patent"). Absent a declaration of non-infringement, Ultravision will continue to assert infringement against Yaham and others, including Yaham's customers, in violation of the law and contrary to the public policy of the United States, and thereby will continue to cause Yaham irreparable injury and damage.

21.     Yaham does not infringe the '791 Patent because the accused products do not practice each claim limitation of the '791 Patent.

22.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Yaham requests a declaration that Yaham has not infringed (directly or indirectly) any claim of the '791 Patent.

**COUNT FIVE**
**DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '410 PATENT**

23.     Yaham incorporates by reference Paragraphs 1-22 above.

24.     Based on Ultravision's filing of this action and at least Yaham's second affirmative defense, an actual controversy has arisen and now exists between the parties as to whether Yaham infringes U.S. Patent No. 8,870,410 (the "'410 Patent"). Absent a declaration of non-infringement, Ultravision will continue to assert infringement against Yaham and others, including Yaham's customers, in violation of the law and contrary to the public policy of the United States, and thereby will continue to cause Yaham irreparable injury and damage.

25.     Yaham does not infringe the '410 Patent because the accused products do not practice each claim limitation of the '410 Patent.

26.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Yaham requests a declaration that Yaham has not infringed (directly or indirectly) any claim of the '410 Patent.

**COUNT SIX**
**DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '413 PATENT**

27.     Yaham incorporates by reference Paragraphs 1-26 above.

28.     Based on Ultravision's filing of this action and at least Yaham's second affirmative defense, an actual controversy has arisen and now exists between the parties as to whether Yaham infringes U.S. Patent No. 8,870,413 (the "'413 Patent").  Absent a declaration of non-infringement, Ultravision will continue to assert infringement against Yaham and others, including Yaham's customers, in violation of the law and contrary to the public policy of the United States, and thereby will continue to cause Yaham irreparable injury and damage.

29.     Yaham does not infringe the '413 Patent because the accused products do not practice each claim limitation of the '413 Patent.

30.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Yaham requests a declaration that Yaham has not infringed (directly or indirectly) any claim of the '413 Patent.

**COUNT SEVEN**
**DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '738 PATENT**

31.     Yaham incorporates by reference Paragraphs 1-30 above.

32.     Based on Ultravision's filing of this action and at least Yaham's second affirmative defense, an actual controversy has arisen and now exists between the parties as to whether Yaham infringes U.S. Patent No. 9,734,738 (the "'738 Patent").  Absent a declaration of non-infringement, Ultravision will continue to assert infringement against Yaham and others, including Yaham's customers, in violation of the law and contrary to the public policy of the United States, and thereby will continue to cause Yaham irreparable injury and damage.

33.     Yaham does not infringe the '738 Patent because the accused products do not practice each claim limitation of the '738 Patent.

34.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Yaham requests a declaration that Yaham has not infringed (directly or indirectly) any claim of the '738 Patent.

**COUNT EIGHT**
**DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '248 PATENT**

35.     Yaham incorporates by reference Paragraphs 1-34 above.

36.     Based on Ultravision's filing of this action and at least Yaham's second affirmative defense, an actual controversy has arisen and now exists between the parties as to whether Yaham infringes U.S. Patent No. 9,947,248 (the "'248 Patent"). Absent a declaration of non-infringement, Ultravision will continue to assert infringement against Yaham and others, including Yaham's customers, in violation of the law and contrary to the public policy of the United States, and thereby will continue to cause Yaham irreparable injury and damage.

37.     Yaham does not infringe the '248 Patent because the accused products do not practice each claim limitation of the '248 Patent.

38.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Yaham requests a declaration that Yaham has not infringed (directly or indirectly) any claim of the '248 Patent.

**COUNT NINE**
**DECLARATORY JUDGMENT OF NONINFRINGEMENT OF THE '603 PATENT**

39.     Yaham incorporates by reference Paragraphs 1-38 above.

40.     Based on Ultravision's filing of this action and at least Yaham's second affirmative defense, an actual controversy has arisen and now exists between the parties as to whether Yaham infringes U.S. Patent No. 9,984,603 (the "'603 Patent"). Absent a declaration of non-infringement, Ultravision will continue to assert infringement against Yaham and others, including Yaham's customers, in violation of the law and contrary to the public policy of the United States, and thereby will continue to cause Yaham irreparable injury and damage.

41.     Yaham does not infringe the '603 Patent because the accused products do not practice each claim limitation of the '603 Patent.

42.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Yaham requests a declaration that Yaham has not infringed (directly or indirectly) any claim of the '603 Patent.

**COUNT TEN**
**DECLARATORY JUDGMENT OF INVALIDITY OF THE '782 PATENT**

43.     Yaham incorporates by reference Paragraphs 1-42 above.

44.     Based on Ultravision's filing of this action and at least Yaham's third affirmative defense, an actual controversy has arisen and now exists between the parties as to the validity of the claim of the '782 Patent.  Absent a declaration of invalidity, Ultravision will continue to assert infringement against Yaham and others, including Yaham's customers, in violation of the law and contrary to the public policy of the United States, and thereby will continue to cause Yaham irreparable injury and damage.

45.     The claims of the '782 Patent invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

46.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Yaham requests a declaration that that the claims of the Asserted Patents are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

**COUNT ELEVEN**
**DECLARATORY JUDGMENT OF INVALIDITY OF THE '272 PATENT**

47.     Yaham incorporates by reference Paragraphs 1-46 above.

48.     Based on Ultravision's filing of this action and at least Yaham's third affirmative defense, an actual controversy has arisen and now exists between the parties as to the validity of the claim of the '272 Patent.  Absent a declaration of invalidity, Ultravision will continue to assert infringement against Yaham and others, including Yaham's customers, in violation of the law and contrary to the public policy of the United States, and thereby will continue to cause Yaham irreparable injury and damage.

49.     The claims of the '272 Patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

50.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Yaham requests a declaration that that the claims of the Asserted Patents are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## COUNT TWELVE
## DECLARATORY JUDGMENT OF INVALIDITY OF THE '869 PATENT

51.     Yaham incorporates by reference Paragraphs 1-50 above.

52.     Based on Ultravision's filing of this action and at least Yaham's third affirmative defense, an actual controversy has arisen and now exists between the parties as to the validity of the claim of the '869 Patent.  Absent a declaration of invalidity, Ultravision will continue to assert infringement against Yaham and others, including Yaham's customers, in violation of the law and contrary to the public policy of the United States, and thereby will continue to cause Yaham irreparable injury and damage.

53.     The claims of the '869 Patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

54.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Yaham requests a declaration that that the claims of the Asserted Patents are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## COUNT THIRTEEN
## DECLARATORY JUDGMENT OF INVALIDITY OF THE '791 PATENT

55.     Yaham incorporates by reference Paragraphs 1-54 above.

56.     Based on Ultravision's filing of this action and at least Yaham's third affirmative defense, an actual controversy has arisen and now exists between the parties as to the validity of

the claim of the '791 Patent. Absent a declaration of invalidity, Ultravision will continue to assert infringement against Yaham and others, including Yaham's customers, in violation of the law and contrary to the public policy of the United States, and thereby will continue to cause Yaham irreparable injury and damage.

57. The claims of the '791 Patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

58. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Yaham requests a declaration that that the claims of the Asserted Patents are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

### COUNT FOURTEEN
### DECLARATORY JUDGMENT OF INVALIDITY OF THE '410 PATENT

59. Yaham incorporates by reference Paragraphs 1-58 above.

60. Based on Ultravision's filing of this action and at least Yaham's third affirmative defense, an actual controversy has arisen and now exists between the parties as to the validity of the claim of the '410 Patent. Absent a declaration of invalidity, Ultravision will continue to assert infringement against Yaham and others, including Yaham's customers, in violation of the law and contrary to the public policy of the United States, and thereby will continue to cause Yaham irreparable injury and damage.

61. The claims of the '410 Patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto and/or rendered obvious by prior art.

62. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Yaham requests a declaration that that the claims of the Asserted Patents are invalid for failure to comply

with one or more of the requirements of United States Code, Title 35, including without limitation 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

**COUNT FIFTEEN**
**DECLARATORY JUDGMENT OF INVALIDITY OF THE '413 PATENT**

63.     Yaham incorporates by reference Paragraphs 1-62 above.

64.     Based on Ultravision's filing of this action and at least Yaham's third affirmative defense, an actual controversy has arisen and now exists between the parties as to the validity of the claim of the '413 Patent.  Absent a declaration of invalidity, Ultravision will continue to assert infringement against Yaham and others, including Yaham's customers, in violation of the law and contrary to the public policy of the United States, and thereby will continue to cause Yaham irreparable injury and damage.

65.     The claims of the '413 Patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

66.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Yaham requests a declaration that that the claims of the Asserted Patents are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

**COUNT SIXTEEN**
**DECLARATORY JUDGMENT OF INVALIDITY OF THE '738 PATENT**

67.     Yaham incorporates by reference Paragraphs 1-66 above.

68.     Based on Ultravision's filing of this action and at least Yaham's third affirmative defense, an actual controversy has arisen and now exists between the parties as to the validity of the claim of the '738 Patent.

69.     The claims of the '738 Patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.  Absent a declaration of invalidity, Ultravision will continue to assert infringement against Yaham and others, including

Yaham's customers, in violation of the law and contrary to the public policy of the United States, and thereby will continue to cause Yaham irreparable injury and damage.

70. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Yaham requests a declaration that that the claims of the Asserted Patents are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## COUNT SEVENTEEN
## DECLARATORY JUDGMENT OF INVALIDITY OF THE '248 PATENT

71. Yaham incorporates by reference Paragraphs 1-70 above.

72. Based on Ultravision's filing of this action and at least Yaham's third affirmative defense, an actual controversy has arisen and now exists between the parties as to the validity of the claim of the '248 Patent. Absent a declaration of invalidity, Ultravision will continue to assert infringement against Yaham and others, including Yaham's customers, in violation of the law and contrary to the public policy of the United States, and thereby will continue to cause Yaham irreparable injury and damage.

73. The claims of the '248 Patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

74. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Yaham requests a declaration that that the claims of the Asserted Patents are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## COUNT EIGHTEEN
## DECLARATORY JUDGMENT OF INVALIDITY OF THE '603 PATENT

75. Yaham incorporates by reference Paragraphs 1-74 above.

76. Based on Ultravision's filing of this action and at least Yaham's third affirmative defense, an actual controversy has arisen and now exists between the parties as to the validity of the claim of the '603 Patent. Absent a declaration of invalidity, Ultravision will continue to assert

infringement against Yaham and others, including Yaham's customers, in violation of the law and contrary to the public policy of the United States, and thereby will continue to cause Yaham irreparable injury and damage.

77.     The claims of the '603 Patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

78.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Yaham requests a declaration that that the claims of the Asserted Patents are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

**COUNT NINETEEN**
**DECLARATORY JUDGMENT OF**
**UNENFORCEABILITY OF THE '782 PATENT**

79.     Yaham incorporates by reference Paragraphs 1-78 above.







**COUNT TWENTY**
**DECLARATORY JUDGMENT OF**
**UNENFORCEABILITY OF THE '272 PATENT**

89.     Yaham incorporates by reference Paragraphs 1-88 above.







## COUNT TWENTY-ONE
## DECLARATORY JUDGMENT OF
## UNENFORCEABILITY OF THE '869 PATENT

99.     Yaham incorporates by reference Paragraphs 1-98 above.







**COUNT TWENTY-TWO**
**DECLARATORY JUDGMENT OF**
**UNENFORCEABILITY OF THE '603 PATENT**

109.    Yaham incorporates by reference Paragraphs 1-108 above.







**COUNT TWENTY-THREE**
**FEDERAL FALSE ADVERTISING – 15 U.S.C. § 1125(a)(1)(B)**

119.    Yaham incorporates by reference Paragraphs 1-118 above.

120.    Ultravision has made false and misleading statements of fact in advertising or promoting its products, including its UltraPanel LED display products, including falsely designating the origin of such products.  Such false and misleading statements include at least that Ultravision has claimed in its commercial advertising and promotion that its UltraPanel products were "Made in the USA," "Made in America," and "made in our manufacturing facilities in Texas," despite the fact that at the time those statements were made the UltraPanel products were not manufactured in the United States or in Texas.  Moreover, each UltraPanel products is neither "all" nor "virtually all" made in the United States.

121.    Further, Ultravision has done so in interstate commerce and with respect to goods that Ultravision caused to enter interstate commerce, including its UltraPanel products.

122.     Ultravision's public representations in interstate commerce misrepresent the nature, origin, and characteristics of the asserted products, constituting false advertising in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

123.     Upon information and belief, Ultravision's false and misleading statements have been material and actually deceived or at least had the capacity to deceive a substantial segment of the intended audience.

124.     As a direct and proximate result of Ultravision's acts of false advertising, Yaham has been, will continue to be, and/or is likely to be injured in an amount to be determined at trial. Pursuant to 15 U.S.C. § 1117, Yaham is entitled to damages for Ultravision's Lanham Act violations, an accounting of profits made by Ultravision on sales of its products, as well as recovery of the costs of this action.

125.     Upon information and belief, Ultravision's acts were willful, deliberate, intentional and/or in bad faith, making this an exceptional case entitling Yaham to recover additional damages and attorneys' fees pursuant to 15 U.S.C. § 1117.

126.     As a direct and proximate result of Ultravision's actions, Yaham has suffered and continues to suffer irreparable harm for which Yaham has no adequate remedy at law, and which will continue unless Ultravision's actions are enjoined, pursuant to 15 U.S.C. § 1116.

## YAHAM'S PRAYER FOR RELIEF

WHEREFORE, Yaham respectfully requests that the Court grant the following relief:

A.     Judgment in Yaham's favor on each Counterclaim;

B.     A declaration that Yaham does not infringe the '782 Patent;

C.     A declaration that Yaham does not infringe the '272 Patent;

D.     A declaration that Yaham does not infringe the '869 Patent;

E.     A declaration that Yaham does not infringe the '791 Patent;

F.     A declaration that Yaham does not infringe the '410 Patent;

G.     A declaration that Yaham does not infringe the '413 Patent;

H.     A declaration that Yaham does not infringe the '738 Patent;

I.      A declaration that Yaham does not infringe the '248 Patent;

J.      A declaration that Yaham does not infringe the '603 Patent;

K.      A declaration that the '782 Patent is invalid;

L.      A declaration that the '272 Patent is invalid;

M.      A declaration that the '869 Patent is invalid;

N.      A declaration that the '791 Patent is invalid;

O.      A declaration that the '410 Patent is invalid;

P.      A declaration that the '413 Patent is invalid;

Q.      A declaration that the '738 Patent is invalid;

R.      A declaration that the '248 Patent is invalid;

S.      A declaration that the '603 Patent is invalid;

T.      An order finding the '782 Patent unenforceable;

U.      An order finding the '272 Patent unenforceable;

V.      An order finding the '869 Patent unenforceable;

W.      An order finding the '603 Patent unenforceable;

X.      A preliminary injunction and thereafter a permanent injunction enjoining Ultravision, its directors, officers, servants, employees, and those acting in privity or concert with them, and their subsidiaries, divisions, successors, and assigns, from further acts in violation of the Lanham Act;

Y.      An order finding that Ultravision's actions have been willful, deliberate, intentional and/or in bad faith, making this an exceptional case entitling Yaham to recover additional damages and attorneys' fees pursuant to 15 U.S.C. § 1117;

Z.      Monetary damages in an amount to be determined at trial, including

        a.      All monetary gains, profits and advantages derived by Ultravision from the acts complained of herein;

        b.      Damages incurred by Yaham, including enhanced damages (up to treble damages) as authorized by 15 U.S.C. § 1117; and

      c.      Punitive and exemplary damages to be determined by the Court after a full hearing on the merits;

AA.    Reasonable attorney's fees, costs and expenses; and

BB.    Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Yaham demands a trial by jury of all issues from this Answer that are triable by a jury.

Dated: September 26, 2019            Respectfully submitted,

                                          */s/ Jeffrey L. Johnson*
                                          Jeffrey L. Johnson
                                          State Bar No. 24029638
                                        **ORRICK, HERRINGTON & SUTCLIFFE LLP**
                                          609 Main, 40th Floor
                                          Houston, TX 77002
                                          Telephone: 713.658.6450
                                          Facsimile: 713.658.6401
                                          jj@orrick.com

                                          ATTORNEYS FOR DEFENDANT
                                          YAHAM OPTOELECTRONICS CO., LTD.

## CERTIFICATE OF SERVICE

The undersigned certifies that on September 30, 2019, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3).

                                          */s/ Jeffrey L. Johnson*
                                          Jeffrey L. Johnson