**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| ULTRAVISION TECHNOLOGIES, LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GOVISION, LLC,<br><br>　　　　Defendant. | Case No. 2:18-cv-00100-JRG-RSP<br>(LEAD CASE)<br><br>**JURY TRIAL DEMANDED** |
| ULTRAVISION TECHNOLOGIES, LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SAMSUNG ELECTRONICS CO., LTD.,<br><br>　　　　Defendant. | Case No. 2:19-cv-00252-JRG-RSP<br>(MEMBER CASE)<br><br>**JURY TRIAL DEMANDED** |

**ULTRAVISION TECHNOLOGIES, LLC'S OPPOSITION TO
DEFENDANT SAMSUNG ELECTRONICS CO., LTD.'S
MOTION TO COMPEL PRODUCTION OF
DISCOVERY RESPONSES IN RELATED CASES**

Plaintiff Ultravision Technologies, LLC ("Ultravision") opposes Defendant Samsung Electronics Co., Ltd.'s ("Samsung") Motion to Compel Production of Ultravision's Discovery Responses in Related Cases[1] (the "Motion") because such discovery is duplicative of Samsung's own discovery requests, is unduly burdensome as Samsung has the ability to serve its own discovery requests on the relevant issues, and is an attempt to circumvent the limitations on discovery agreed to by the parties in the Discovery Order (Dkt. 53, ¶ 5).

## I.    INTRODUCTION

Under the Discovery Order, which the parties negotiated and agreed to, Samsung "may serve 25 interrogatories on Plaintiff" and "may serve 25 requests for admission on Plaintiff." Dkt. 53, ¶ 5. Samsung now seeks Ultravision's responses to numerous other discovery requests of every defendant that Ultravision is involved in litigation with regarding the Patents-in-Suit or Related Patents, which would increase Samsung's discovery limitations well beyond the negotiated amount. If Samsung were permitted to rely on the discovery requests served by defendants in other cases, it would not need to serve its own requests on topics covered by those requests and could harass Ultravision with requests relating to less relevant peripheral issues. This would unduly prejudice Ultravision by requiring it to respond to numerous additional interrogatories on issues that are not core to this case.

Further, Samsung's request for all of Ultravision's discovery responses in Related Cases is overbroad and is not proportional to the needs of the case. Instead of narrowly tailoring its request to specific relevant discovery responses and explaining why it could not obtain this information by serving its own similar requests, Samsung requests all of Ultravision's discovery responses from all Related Cases, including responses mostly unrelated to the patents asserted

---

[1] All documents cited are from Case No. 2:19-cv-252.

against Samsung, products that are not made by or related to Samsung, and defendants that are dissimilar to Samsung and infringe in different ways from Samsung. Samsung thus fails to meet its burden of showing that the discovery responses sought are relevant and proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1).

Even if Samsung's request was for a specific set of relevant discovery responses, the production of any such discovery responses would be duplicative of the discovery Ultravision has already provided to Samsung. *See* Fed. R. Civ. P. 26(b)(2)(C)(i). Samsung has already served its own interrogatories in this case, including interrogatories on inequitable conduct, inventorship, acquisition, and patent value, to which Ultravision has responded. The only information that Samsung contends that it cannot obtain from Ultravision via Samsung's own discovery requests is "Ultravision's litigation positions" from those other cases. But Samsung has not made any particularized showing regarding why it needs Ultravision's litigation positions from other cases — with different Defendants and different accused products — for this case.

## II.     ARGUMENT

A Court "must limit the frequency or extent of discovery otherwise allowed by [the Federal Rules of Civil Procedure] or by local rule if it determines that . . . the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive" or that "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action." Fed. R. Civ. P. 26(b)(2)(C). Here, as with the discovery sought by Ledman's similar motion,[2] Samsung's requested discovery falls exactly within the bounds of this rule. To the extent that Ultravision's discovery responses from other cases contain information relevant to Ultravision's case against

---

[2] Case No. 2:18-cv-101, Dkt. 71 (*see also* Case No. 2:18-cv-100, Dkt. 281 (Ultravision's Opposition)).

Samsung, Samsung has had ample opportunity to obtain that information through its own discovery requests. Further, insofar as Samsung is not seeking to harass Ultravision by obtaining the requests served by other defendants so that it can serve requests directed to less relevant issues, Ultravision's responses from the other cases are unreasonably cumulative or duplicative of its responses to Samsung's own requests.

This Court addressed a very similar issue in *SSL Services, LLC v. Citrix Sys., Inc.*, No. 2:08-cv-158, 2010 WL 547478 (E.D. Tex. Feb. 10, 2020). There, the patentee moved to compel the production of expert reports from prior litigations involving the same accused services. *Id.* at *1. The Court denied this motion, finding that the benefit to the patentee would be "minimal" because the patentee "already has the relevant underlying data and the analyses will be of little value because they . . . relate to different patents, different financial data, and different plaintiffs." *Id.* at *3. The requested discovery was therefore "duplicative and unduly burdensome." *Id.* This same reasoning applies here. Samsung already has the "relevant underlying data," *i.e.*, Ultravision's document productions and responses to Samsung's discovery requests. Any further analysis by Ultravision that relates to particular positions taken in other cases is of "minimal" value because such positions relate to different accused products, different financial data, and different defendants.

The cases cited by Samsung do not address Ultravision's concerns that it would be unduly burdened by having to respond to numerous additional interrogatories on peripheral issues if Samsung is permitted to rely on the discovery requests served by defendants in other cases, and that Samsung's request is duplicative of its ability to serve its own requests on the issues that are important to this case. In *Infernal Tech., LLC v. Microsoft Corp.*, No. 2:18-cv-144, 2019 WL 5388442 (E.D. Tex. May 3, 2019), and *Endotach LLC v. Cook Med. Inc.*, No. 1:13-cv-

1135, 2014 WL 12753789 (S.D. Ind. May 16, 2014), the courts addressed requests for the production of infringement contentions and expert reports only. There, the plaintiff was not at risk of being exposed to numerous discovery requests on peripheral issues, as the plaintiff's infringement contentions and expert reports with respect to the moving parties would need to address the same issues regardless of the production of plaintiff's contentions and reports from prior cases. The patentees in *Infernal* and *Endotach,* therefore, did not face the same potential burden that Ultravision does here. Similarly, in *Apple, Inc. v. Samsung Elecs. Co.*, No. 5:11-cv-1846, 2012 WL 1232267 (N.D. Cal. Apr. 12, 2012), the court addressed the parties' dispute regarding the production of deposition transcripts from other cases, not responses to discovery requests such as those at-issue here.

And *Weatherford Tech. Holdings, LLC v. Tesco Corp*., No. 2:17-cv-456, 2018 WL 4620634 (E.D. Tex. Apr. 27, 2018) and *Transclean Corp. v. Jiffy Lube Int'l, Inc.*, 474 F.3d 1298 (Fed. Cir. 2007), involved unrelated issues and are cited by Samsung only for broad propositions of law. Motion at 2, 3. For example, Samsung relies on *Transclean* (along with *Infernal*), for the proposition that, "to the extent Plaintiffs take a position in this case that is contrary to a position they or their proffered expert took in another case, such a discrepancy could bear on Plaintiffs' credibility." Motion at 3 (citing *Infernal*, 2019 WL 538842, at *2; *Transclean*, 474 F.3d at 1307). However, there is no suggestion here that Ultravision has taken contrary positions in different cases, especially in view of the fact that Samsung and the other defendants would likely be aware of such inconsistent positions due to their close coordination on a number of issues, including a joint claim construction brief to be filed by Absen, Barco, Ledman, Prismaflex, Samsung, and Yaham on July 1, 2020. Samsung's reliance on this as its only grounds for why Ultravision's responses to discovery requests from other cases may provide relevant information that it is

4

unable to obtain through its own requests reveals that Samsung's motion is, at best, nothing more than a speculative fishing expedition, which does not outweigh the substantial burden on Ultravision from being exposed to discovery requests beyond the limitations agreed to by the Parties in the Discovery Order.

Accordingly, Samsung fails to meet its burden of showing that the discovery responses from all of Ultravision's other patent litigations are relevant and proportional to the needs of this case. *See* Fed. R. Civ. P. 26(b)(1). Samsung can serve its own discovery requests, within the limits it agreed to in the Discovery Order, directed to "Ultravision's litigation positions concerning . . . inequitable conduct, inventorship, acquisition, and patent value," Motion at 3, as well as on any other issues that Samsung believes to be relevant to this case. There is simply no need, other than harassment by the multiplication of the number of available discovery requests, and speculation regarding the consistency of Ultravision's litigating positions (which is belied by the fact that Samsung and the other defendants would likely be aware of any inconsistencies due to their collaboration on issues such as invalidity contentions and claim construction, in which case one would expect that Samsung would have included evidence of inconsistences in its Motion), for Samsung to need to rely on Ultravision's responses to discovery requests from other cases.

### III. CONCLUSION

For the foregoing reasons, the discovery sought from Ultravision is not relevant or proportional to the needs of the case, and is unreasonably cumulative, duplicative, and can be obtained in a way that is less burdensome. *See* Fed. R. Civ. P. 26(b)(1), 26(b)(2)(C)(i). Samsung's motion should therefore be denied.

5

Dated: June 26, 2020            Respectfully submitted,

*/s/ Alfred R. Fabricant*
Alfred R. Fabricant
NY Bar No. 2219392
Email: afabricant@brownrudnick.com
Vincent J. Rubino, III
NY Bar No. 4557435
Email: vrubino@brownrudnick.com
Joseph M. Mercadante
NY Bar No. 4784930
Email: jmercadante@brownrudnick.com
Timothy J. Rousseau
NY Bar No. 4698742
Email: trousseau@brownrudnick.com
Daniel J. Shea
NY Bar No. 5430558
Email: dshea@brownrudnick.com
**BROWN RUDNICK LLP**
7 Times Square
New York, New York 10036
Telephone:  (212) 209-4800
Facsimile:  (212) 209-4801

Samuel F. Baxter
Texas Bar No. 01938000
Email: sbaxter@mckoolsmith.com
Jennifer L. Truelove
Texas Bar No. 24012906
Email: jtruelove@mckoolsmith.com
**McKOOL SMITH, P.C.**
104 E. Houston Street, Suite 300
Marshall, Texas 75670
Telephone:  (903) 923-9000
Facsimile:  (903) 923-9099

*ATTORNEYS FOR PLAINTIFF*
*ULTRAVISION TECHNOLOGIES, LLC*

6

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on June 26, 2020 all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

>                     */s/  Alfred R. Fabricant*
>                        Alfred R. Fabricant