**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| ULTRAVISION TECHNOLOGIES, LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Case No. 2:18-cv-00100-JRG-RSP |
| | § | |
| GOVISION, LLC, | § | |
| | § | |
| *Defendant*. | § | |
| | § | |

## ORDER

Before the Court is Plaintiff Ultravision Technologies, LLC's ("Ultravision") Motion to Compel Defendant Prismaflex to Provide Relevant Discovery ("Motion"). **Dkt. No. 235**. Ultravision's Motion seeks to compel Prismaflex International France, S.A. ("Prismaflex"), the Defendant in member case number 2:18-cv-112, to provide supplementary responses to Ultravision's Interrogatory Nos. 1-3 and documents related to each accused product identified in response to Ultravision's Interrogatory No. 1. After due consideration, the Court grants the motion in part.

### I.    BACKGROUND

Ultravision served its first set of interrogatories on Prismaflex on July 9, 2019. Dkt. No. 235-3. The interrogatories included requests for identification of and information on "all Modular LED Display Panels" including "any and all indoor and outdoor modular LED display panels made, sold, offered for sale, or imported into the United States by Defendants, for Defendants, or on Defendants' behalf that pertain to the fields of invention of the [asserted patents]." *Id.* at 6. Ultravision's interrogatories define the term "Defendants" as including

Prismaflex's "subsidiaries, sister companies, affiliates, divisions, licensees, franchisees, assigns or other related business entities." *Id.* at 2.

Prismaflex's answer to Ultravision's Interrogatory Nos. 1-3 includes an objection as calling for documents or information "in the possession of dismissed parties or unnamed parties that have been omitted from this proceeding for the purpose of orchestrating jurisdiction in the Eastern District of Texas. Documents and information from unnamed and dismissed parties will not be produced." Dkt. No. 235-4 at 7-9. The responses were limited to information regarding two individual products that Prismaflex shipped into the United States. *Id.* at 7. Ultravision requested supplemental interrogatory responses that "include information with respect to all Modular LED Display Panels as defined in Ultravision's interrogatories," which Ultravision asserts includes discovery from Anthem Displays, LLC ("Anthem").

Anthem is a North Carolina Limited Liability Company. Dkt. No. 235-12 at 6. The Operating Agreement of Anthem states that it is executed effective April 13, 2018 "by and among the Company and the Persons executing this Agreement as the initial Members (as defined below), namely, Anthem Displays, LLC, a Colorado limited liability company("Anthem"), Prismaflex USA, Inc., a North Carolina corporation ("Prismaflex USA"), and Prismaflex International, Inc., a foreign corporation ("Prismaflex International")." *Id.* Prismaflex has included evidence of Anthem's existence as far back as 2014 in the form of a screenshot from Bloomberg.com. Dkt. No. 242-2.

With the execution of the agreement "Anthem, Prismaflex USA and Prismaflex International are entering into a series of related transactions with each other in order to effect a restructuring of their current businesses such that Prismaflex USA is or will become an owner of Anthem" and "Prismaflex International has or will contribute $250,000 in cash to the Company,

and in exchange for such assets and cash each of the parties have or will receive Interests in the

Company set forth on Schedule I." *Id.*

Prismaflex supplemented its responses multiple times identifying only the same two

products. Dkt. No. 235-7; Dkt. No. 235-11. Ultravision asserts that Prismaflex is delaying

production of the most relevant information as a litigation tactic while using the location of that

information to try and transfer courts. Dkt. No. 235 at 2. Prismaflex asserts that Ultravision is

using the above-captioned matter "as a vehicle to pursue discovery against Anthem while

consistently and intentionally refusing to name Anthem as a party . . . just to manufacture and

maintain jurisdiction in the Eastern District of Texas." Dkt. No. 242 at 8.

## II.    LEGAL STANDARD

"A party seeking discovery may move for an order compelling an answer, designation,

production or inspection" when "a party fails to answer an interrogatory submitted under Rule 33

. . . ." Fed. R. Civ. P. 37(a)(3)(B)(iii). For a motion to compel discovery "an evasive or

incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or

respond." Fed. R. Civ. P. 37(a)(4).

The scope of discovery is generally governed by Federal Rule of Civil Procedure

26(b)(1). Fed R. Civ. P. 26(b)(1). Under this, a party "may obtain discovery regarding any

nonprivileged matter that is relevant to any party's claim or defense and is proportional to the

needs of the case . . . ." *Id.*

Relevance is broadly construed: "[i]nformation is relevant if it encompasses any matter

that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or

may be in the case." *Coughlin v. Lee*, 946 F.2d 1152, 1159 (5th Cir. 1991). Furthermore,

"[i]nformation within this scope of discovery need not be admissible in evidence to be

discoverable." Fed. R. Civ. P. 26(b)(1).

Defendants' "obligation to produce any and all relevant documents in their possession,

custody, or control includes the obligation to produce documents in the possession of third

parties if the defendants have the right of control over those documents." *Sensormatic Elecs.*

*Corp. v. WG Sec. Prods., Inc.*, Case No. 2:04-cv-00167-TJW, 2006 WL 5111116, at *1 (E.D.

Tex. Feb. 9, 2006). In determining this "it is relevant whether the defendants have access to these

documents in the ordinary course of business, through a contractual relationship, or through an

ownership affiliation." *Id.* at *2.

## III.    ANALYSIS

Prismaflex asserts that Ultravision "cites a single case" for the premise that Prismaflex

"has access to Anthem documents." Dkt. No. 242 at 5. The cited case does not assert that

Prismaflex has "access" to Anthem documents, but rather rules that a defendant has an

"obligation" to produce any and all relevant documents in their possession, custody, or control,

including those document in the possession of third parties if the defendant has "the right of

control over those documents." *Sensormatic Elecs. Corp.*, at *1-2.

The relevant inquiry then is whether Prismaflex has the right of control over the

requested documents. Ultravision has not demonstrated that Prismaflex has the right of control

over those documents through the ordinary course of business, a contractual relationship, or an

ownership affiliation.

Ultravision has established that Prismaflex has an ownership affiliation with Anthem by

way of both minority ownership interest and authority to appoint two of the four total managers.

Ultravision has also established that Prismaflex has a contractual relationship with Anthem.

Ultravision has not established, however, that Prismaflex has the right of control over the requested documents through these affiliations. Without any evidence establishing that Prismaflex has the right of control over the requested documents, an order compelling Prismaflex to produce those documents is improper.

However, Prismaflex objects not just to documents but also "information" that it contends should have been obtained from other entities.  Prismaflex is not entitled to withhold information within the knowledge of its employees just because it contends that Plaintiff is manipulating jurisdictional or venue rules.  Because its objections are so broad, it is not possible to determine whether such information has been withheld from its interrogatory answers. Furthermore, it is not possible to determine whether it has withheld documents actually within its possession or has simply declined to request documents from the affiliated entities addressed above.

Accordingly,  the Court hereby overrules the objections contained in the Answers to Interrogatories served by Prismaflex and **ORDERS** that it serve new answers within 14 days containing all information known to its employees about the subjects requested in the interrogatories and addressing all documents in its possession described in the interrogatories.

**SIGNED this 18th day of July, 2020.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE