**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| ULTRAVISION TECHNOLOGIES, LLC § § *Plaintiff,* § § v. § § GOVISION, LLC § § *Defendant.* § | Case No. 2:18-cv-00100-JRG-RSP |

**FOURTH AMENDED DOCKET CONTROL ORDER**

Before the Court is Plaintiff Ultravision Technologies, LLC's ("Plaintiff") and Defendants Samsung Electronics Co., Ltd.'s, Shenzhen Absen Optoelectronic Co., Ltd.'s, Absen, Inc.'s, Yaham Optoelectronics Co., Ltd.'s, Barco NV's, Prismaflex International France S.A.'s, and Ledman Optoelectronic Co., Ltd.'s (collectively, "Defendants") (collectively, "Parties") Joint Motion For Entry of Agreed Amended Docket Control Order ("Motion"). **Dkt. No. 340**. The Parties' Motion seeks a motion to compel deadline specifically tied to depositions.

After due consideration, the Court **GRANTS** the Motion. In accordance with the granted Motion, it is hereby **ORDERED** that the following schedule of deadlines is in effect until further order of this Court:

| Prior Date | New Date | Event |
|---|---|---|
| February 1, 2021 | *Unchanged* | Jury Selection – 9:00 a.m. in **Marshall, Texas** before Judge Rodney Gilstrap |
| January 6, 2021 | *Unchanged* | Pretrial Conference – 9:00 a.m. in **Marshall, Texas** before Judge Roy Payne |

| **Prior Date** | **New Date** | **Event** |
|---|---|---|
| December 23, 2020 | *Unchanged* | *Notify Deputy Clerk in Charge regarding the date and time by which juror questionnaires shall be presented to accompany by jury summons if the Parties desire to avail themselves the benefit of using juror questionnaires[1] |
| December 23, 2020 | *Unchanged* | *Notify Court of Agreements Reached During Meet and Confer<br><br>The parties are ordered to meet and confer on any outstanding objections or motions *in limine*. The parties shall advise the Court of any agreements reached no later than 1:00 p.m. three (3) business days before the pretrial conference |
| December 21, 2020 | *Unchanged* | File Joint Pretrial Order, Joint Proposed Jury Instructions and Form of the Verdict, Responses to Motions *in Limine*, Updated Exhibit Lists, Updated Witness Lists, and Updated Deposition Designations. |
| December 14, 2020 | *Unchanged* | File Motions *in Limine*<br><br>The parties shall limit their motions in limine to issues that if improperly introduced at trial would be so prejudicial that the Court could not alleviate the prejudice by giving appropriate instructions to the jury. |

---

[1] The Parties are referred to the Court's Standing Order Regarding Use of Juror Questionnaires in Advance of *Voir Dire*

| **Prior Date** | **New Date** | **Event** |
| --- | --- | --- |
| December 14, 2020 | *Unchanged* | File Notice of Request for Daily Transcript or Real Time Reporting.<br><br>If a daily transcript or real time reporting of court proceedings is requested for trial, the party or parties making said request shall file a notice with the Court and e-mail the Court Reporter, Shelly Holmes, at shelly_holmes@txed.uscourts.gov. |
| December 14, 2020 | *Unchanged* | Serve Objections to Rebuttal Pretrial Disclosures |
| December 7, 2020 | *Unchanged* | Serve Objections to Pretrial Disclosures; and Serve Rebuttal Pretrial Disclosures |
| November 23, 2020 | *Unchanged* | Serve Pretrial Disclosures (Witness List, Deposition Designations, and Exhibit List) by the Party with the Burden of Proof |
| November 4, 2020 | *Unchanged* | *Response to Dispositive Motions (including *Daubert* Motions).[2] Responses to dispositive motions filed **prior** to the dispositive motion deadline, including *Daubert* Motions, shall be due in accordance with Local Rule CV-7(e). Motions for Summary Judgment shall comply with Local Rule CV-56. |
| October 22, 2020 | *Unchanged* | *File Motions to Strike Expert Testimony (including *Daubert* Motions)<br><br>No motion to strike expert testimony (including a *Daubert* motion) may be filed after this date without leave of the Court |

---

[2] The parties are directed to Local Rule CV-7(d), which provides in part that "[a] party's failure to oppose a motion in the manner prescribed herein creates a presumption that the party does not controvert the facts set out by movant and has no evidence to offer in opposition to the motion." Local Rule CV-7(e) provides that a party opposing a motion has 14 days, in addition to any added time permitted under Fed. R. Civ. P. 6(d), in which to serve and file a response and any supporting documents, after which the court will consider the submitted motion for decision.

| Prior Date | New Date | Event |
|---|---|---|
| October 22, 2020 | *Unchanged* | *File Dispositive Motions<br><br>No dispositive motion may be filed after this date without leave of the Court.<br><br>Motions shall comply with Local Rule CV-56 and Local Rule CV-7. <u>Motions to extend page limits will only be granted in exceptional circumstances. Exceptional circumstances require more than agreement among the parties.</u> |
| October 22, 2020 | *Unchanged* | Deadline to Complete Expert Discovery |
| October 12, 2020 | *Unchanged* | Serve Disclosures for Rebuttal Expert Witnesses |
| September 25, 2020 | *Unchanged* | Deadline to Complete Mediation (**only Prismaflex International France, S.A.**)<br><br>The parties are responsible for ensuring that a mediation report is filed no later than five (5) days after the conclusion of mediation. |
| September 22, 2020 | *Unchanged* | Serve Disclosures for Expert Witnesses by the Party with the Burden of Proof |
|  | September 15, 2020 | Deadline to File Motions to Compel Discovery Based on Deposition Testimony |
| September 15, 2020 | *Unchanged* | Deadline to Complete Fact Depositions |
| September 9, 2020 | *Unchanged* | Comply with P.R. 3-7 (Opinion of Counsel Defenses) |
| August 31, 2020 | *Unchanged* | Deadline to Complete Mediation (**only for Shenzhen Absen Opeoelectronic Co., Ltd., Absen, Inc. and Yaham Optoelectronics Co.**)<br><br>The parties are responsible for ensuring that a mediation report is filed no later than five (5) days after the conclusion of mediation. |

## OTHER LIMITATIONS

1. All depositions to be read into evidence as part of the parties' case-in-chief shall be **EDITED** so as to exclude all unnecessary, repetitious, and irrelevant testimony; **ONLY** those portions which are relevant to the issues in controversy shall be read into evidence.

2. The Court will refuse to entertain any motion to compel discovery filed after the date of this Order unless the movant advises the Court within the body of the motion that counsel for the parties have first conferred in a good faith attempt to resolve the matter. See Eastern District of Texas Local Rule CV-7(h).

3. The following excuses will not warrant a continuance nor justify a failure to comply with the discovery deadline:

    (a) The fact that there are motions for summary judgment or motions to dismiss pending;

    (b) The fact that one or more of the attorneys is set for trial in another court on the same day, unless the other setting was made prior to the date of this order or was made as a special provision for the parties in the other case;

    (c) The failure to complete discovery prior to trial, unless the parties can demonstrate that it was impossible to complete discovery despite their good faith effort to do so.

4. Mediation shall be attended, in person, by named parties (if an individual) or by a fully authorized representative (if not an individual) and by lead counsel. Third party insurance carriers who may be obligated to indemnify a named party and/or who owe a defense to any party shall also attend mediation, in person, by means of a fully authorized representative. Non-compliance with these directives shall be considered an intentional failure to mediate in good faith.

5. Any motion to alter any date on the DCO shall take the form of motion to amend the DCO. The motion to amend the DCO shall include a proposed order that lists all of the remaining dates in one column (as above) and the proposed changes to each date in an additional adjacent column (if there is no change for a date the proposed date column should remain blank or indicate that it is unchanged). In other words, the DCO in the proposed order should be complete such that one can clearly see all the remaining deadlines and the changes, if any, to those deadlines, rather than needing to also refer to an earlier version of the DCO.

**SIGNED this 28th day of August, 2020.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE