**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| ULTRAVISION TECHNOLOGIES, LLC, | § § | |
| *Plaintiff*, | § § | |
| v. | § § | Case No. 2:18-cv-00100-JRG-RSP |
| GOVISION, LLC, | § § | |
| *Defendant*. | § § | |

## ORDER

Before the Court is Defendant Ledman Optoelectronic Co. Ltd.'s ("Ledman") Motion to Compel Email Production from Plaintiff Ultravision Under Ledman's Email-Production Request ("Motion"). **Dkt. No. 305**. Ledman's Motion seeks to compel Plaintiff Ultravision Technologies, LLC ("Ultravision") to produce emails matching the search parameters in Ledman's letter of June 29, 2020 (Dkt. No. 305-1), under the terms of the agreed-upon E-Discovery Order entered in the member case, *Ultravision Technologies, LLC v. Ledman Optoelectronic Co., Ltd.*, 2:18-cv-00101-JRG-RSP, Dkt. No. 57.

After due consideration, the Court **GRANTS-IN-PART** and **DENIES-IN-PART** the Motion. The Court **GRANTS** Ledman's request to compel an email search of Gerry Xie's email accounts gxie@uvintmail.com and gerry88@126.com as well as Bill Hall's email accounts bhall@ultravisionmedia.com, bhall@uvintmail.com, bhall@ultravisionled.com, wmyhall@mac.com, and wmyhall@me.com using the time frames specified in Dkt. No. 305-1 corresponding to the permitted search terms on page 5 of this order. The Court **ORDERS** Ultravision to serve opposing counsel with the results of these searches (and privilege logs of any matter withheld) within 21 days of this Order.

## ANALYSIS

The custodians and corresponding time periods and search terms Ledman seeks email discovery from are detailed in Ledman's Exhibit A. Dkt. No. 305-1. Ledman has identified six custodians: William Hall, Sera Hall, David Auyeung, Brian Loftis, Matthew Foster, and Gerry Xie. *Id.* at 3. Ledman's request extends to any addresses kept by these custodians. *Id.* The Court will not grant such a wide request, but finds some discovery is permissible. Accordingly, the Court separates its analysis into discussions of Sera Hall's emails, personal email accounts, and search parameter scope.

### a. Sera Hall's Emails

The briefing indicates that Sera Hall is the spouse CEO William Hall. Ultravision represents that Sera Hall is not involved in the business. Ledman asserts that Sera Hall's emails are relevant as Ultravision's email production in an International Trade Commission ("ITC") case "reveal[] that she has a role in managing the company." Dkt. No. 305 at 7. Ledman relies upon an email from William Hall to Sera Hall that says "Sera[,] attached is the updated prices from our manufacturer." *Id.* Alongside this email Ledman presents another email, dated the prior day, from onlysign@onlyled.net.cn to Bill Hall "confirm[ing] the prices are still correct." *Id.*

Considering the representations of counsel, this is insufficient to warrant a search of Sera Hall's emails. Accordingly, the Court **DENIES** Ledman's request for Sera Hall's emails.

Ultravision, in their response, requests a protective order barring Ledman from attempting to serve Sera Hall with any third-party subpoenas related to this action. Dkt. No. 319 at 6–7. Although the Court does not find the presented evidence sufficient to justify compelling a search of Sera Hall's emails, the Court **DENIES** Ultravision's request for a protective order at

this time. If further evidence does show that Sera Hall is conducting business on behalf of Ultravision, further discovery may be appropriate at that time.

### b. Personal Emails

Ledman's production request "extends to any addresses kept by these custodians." Dkt. No. 305-1 at 3. It also explicitly includes a few personal email addresses. *Id.* Ultravision's response indicates that only Bill Hall and Matthew Foster currently work at Ultravision. Ultravision argues that they "do[] not have the ability to collect, search within, or produce personal email accounts of Gerry Xie, David Auyeong, Sera Hall, or Brian Loftis." Excepting Gerry Xie, the Court **DENIES** the request to compel production from David Auyeong, Sera Hall, or Brian Loftis' personal email accounts.

Regarding Gerry Xie, Ledman notes that his LinkedIn page shows that as of June 26, 2020, he was still employed by Ultravision International, Inc., an affiliate of Ultravision. Dkt. No. 305 at 8. Ledman also shows emails where Gerry Xie's gerry88@126.com email is used for business. *Id.* Ultravision did not deny or otherwise challenge this in their response. The Court finds Gerry Xie's email account gerry88@126.com is under Ultravision's control and that business has been conducted on behalf of Ultravision on it.

Regarding Matthew Foster, Ultravision indicates that "Ledman has not shown that he has ever communicated about Ultravision's business in any capacity from his personal e-mail account." Dkt. No. 319 at 7. The Court sees there is no such evidence in Ledman's Motion. Absent evidence of Ultravision business being conducted from Matthew Foster's personal email account, compelling production is inappropriate and the Court **DENIES t**he request to compel production from Matthew Foster's personal email account.

Regarding Bill Hall, Ledman's Motion shows multiple instances of Ultravision business being conducted from private email accounts including wmyhall@me.com and wmyhall@mac.com. Dkt. No. 305 at 6. Ultravision does not challenge this in their response. The Court finds a sufficient likelihood that Bill Hall conducted Ultravision business from multiple private email accounts and that such accounts are under Ultravision's control.

In summary of production from private email accounts, the Court **DENIES** the request to compel production from the personal email accounts of Matthew Foster, David Auyeong, Sera Hall, and Brian Loftis. The Court **GRANTS** the motion as to Bill Hall's private email accounts and Gerry Xie's private email account gerry88@126.com.

  c. **Search Parameter Scope**

Ledman's request includes various search terms for time periods ranging from fourteen months to five years. Dkt. No. 305-1 at 3–5. Most range from fourteen months to two years, with the longer periods relating to search terms regarding litigation. *Id.* Based on the briefing, the Court finds that the requested time periods are reasonable.

Ultravision states that Ledman is not entitled to "an unlimited fishing expedition." Dkt. No. 319 at 3. While the preferred method may be to test the terms by seeing if they result in an excessive number of hits, given the stage of this case, the Court will proceed on the briefs. After reviewing the search terms, the Court finds some to be inappropriately broad and others to be more reasonably tailored. The Court rejects the following search terms as overbroad:

- ("Shenzhen" OR "Schenzen" OR onlysign OR Wally OR Xiang OR SZ) AND (panel OR display)

- (David OR Auyeung OR "David Auyeung") AND ("Shenzhen" OR "Schenzen" OR onlysign OR Wally OR Xiang OR SZ)

- (David OR Auyeung OR "David Auyeung") AND ("Shenzhen" OR "Schenzen" OR onlysign OR Wally OR Xiang OR SZ OR Only)

- (Roger OR Kiang OR "Roger Kiang") AND ("Shenzhen" OR "Schenzen" OR onlysign OR Wally OR Xiang OR SZ)

- (secret OR confidential OR confidentiality) AND (panel or display or design or product)

- (IP65 OR "IP 65" OR IP66 OR "IP 66" OR IP67 OR "IP 67") AND (waterproof OR seal)

*See* Dkt. No. 305-1 at 3–5.

The Court does not find the following search terms to be overbroad:

- (Willie OR Xu) AND (patent OR invention OR "new design" OR "new panel" OR "new product")

- (Arthur OR Wagner) AND ("Shenzhen" OR "Schenzen" OR onlysign OR Wally OR Xiang OR SZ) AND (lawsuit OR sue OR litigate OR litigation OR arbitration OR arbitrate)

- ("V series" OR "V panel") AND (patent OR invention OR "new design" OR "new product")

- (ADTI OR "ADTI Media" OR Cox OR 105 OR 791) AND (valid OR "prior art" OR reference OR "sale" OR "public use")

- Ledman AND ("Shenzhen Only" OR Willie OR Xu OR Wally OR Xiang OR SZ) AND (patent OR invention OR panel OR display)

- (resign OR leave OR terminate OR termination) AND ("Shenzhen" OR "Schenzen" OR SZ) AND (compensation OR salary OR pay OR wage)

- (counsel OR represent OR work OR employ) AND ("Shenzhen" OR "Schenzen" OR onlysign OR Wally OR Xiang OR SZ) AND (lawsuit OR sue OR litigate OR litigation OR arbitration OR arbitrate)
- ("Shenzhen" OR "Schenzen" OR onlysign OR Wally OR Xiang OR SZ) AND (drawing OR figure OR DWG OR CAD OR spec)

*Id.* Furthermore, while these terms may not be facially overbroad, they may encompass privileged material, which shall then be placed on an appropriate privilege log.

**SIGNED this 28th day of August, 2020.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE