IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ULTRAVISION TECHNOLOGIES, LLC,<br><br>              Plaintiff,<br><br>v.<br><br>GOVISION, LLC<br><br>              Defendant. | Case No. 2:18-cv-00100-JRG-RSP<br>LEAD CASE<br><br>**JURY TRIAL DEMANDED** |
| ULTRAVISION TECHNOLOGIES, LLC,<br><br>              Plaintiff,<br><br>SHENZHEN ABSEN OPTOELECTRONIC CO., LTD. ET AL.<br><br>              Defendants. | Case No. 2:18-cv-00112-JRG-RSP<br>MEMBER CASE<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANTS' OPPOSITION TO ULTRAVISION TECHNOLOGIES, LLC'S
MOTION TO EXCLUDE TESTIMONY OF MR. RICHARD FLASCK
RELATING TO THE DAKTRONICS PROTOUR**

Defendants Shenzhen Absen Optoelectronic Co., Ltd., Absen, Inc., and Yaham Optoelectronics Co., Ltd. ("Defendants") respectfully request that this Court deny Ultravision's Motion to Exclude Testimony of Mr. Richard Flasck Relating to the Daktronics Protour. Defendants would be extremely prejudiced if its invalidity expert, Mr. Flasck, is barred from opining that claims under U.S. Patent Nos. 9,207,904 ("'904 Patent") and 9,916,782 ("'782 Patent") are made obvious by a product that third-party Daktronics sold over a decade ago.

As explained in Absen's prior Motion for Leave to Supplement Invalidity Contentions, the Defendants were as diligent as possible in procuring the invalidating prior art from Daktronics. *See* D.I. 411 at 3. Indeed, the Defendants first learned the working details of the error detection system in the Daktronics Protour Modular Display from a third party witness and former

Ultravision employee, Roger Van Houtan, who testified that Ultravision was investigating Daktronics' products long before Ultravision filed any patents. *Id.* Based on this testimony, Defendants immediately subpoenaed Daktronics for documents relating to Daktronics modular LED display products that included error detection or monitoring systems for defective panels and were sold or offered for sale prior to January 1, 2015. *Id.* At 1-2. Defendants received documents from Daktronics on September 3, 2020 and within days informed Ultravision of its intention to supplement its invalidity contentions in view of Daktronics' third party production. *Id.* The Daktronics deposition took place on September 11 and Defendants provided Ultravision with supplemental contentions on September 15, 2020. *Id.* Defendants could not have moved for leave to supplement its invalidity contentions any sooner, yet Ultravision opposed.

Two weeks after Defendants informed Ultravision of its intention to supplement its invalidity contentions, Defendants' expert Richard Flasck included an invalidity argument based on the Daktronics ProTour Modular Display System in his Opening Expert Report served on September 22, 2020. The Daktronics ProTour Modular Display System with V-Tour controller is important to the case because it anticipates or renders obvious various asserted claims. Defendants will suffer meaningful prejudice if unable to present its full invalidity case. Ultravision, in contrast, would not be prejudiced by anything other than a meritorious argument; it had adequate time to respond to these arguments, with Rebuttal Reports due on October 12, 2020—over a month after Absen informed Ultravision of its intention to supplement and almost three weeks after Defendants served Mr. Flask's report.

Absen reiterates its request that the Court grant it leave to supplement its invalidity contention to include the Daktronics Protour Modular Display as prior art. *See* D.I. 411 at 5. As Ultravision admits, its motion to strike portions of Mr. Flasck's report related to the Daktronics ProTour would be mooted if Absen's motion for leave is granted. *See* D.I. 451 at 1.

2

For all the reasons set in Absen's Motion for Leave (D.I. 411) and herein, Defendants respectfully requests that the Court deny Ultravision's Motion to Exclude Testimony of Mr. Richard Flasck Relating to the Daktronics Protour Display System.

Dated this 4th day of November, 2020

Respectfully submitted,

/s/ Patrick J. McCarthy
Patrick J. McCarthy (DC Bar No. 990490)
Ce Li (MD Bar No. 0706110149)
Madeline R. DiLascia (DC Bar No. 1618650)
GOODWIN PROCTER LLP
1900 N Street, N.W.
Washington, D.C. 20036
Telephone: (202) 346-4000
Facsimile: (202) 346-4444
DG-AbsenDCt@goodwinlaw.com

Srikanth K. Reddy (MA Bar No. 669264)
Molly R. Grammel (MA Bar No. 688439)
Louis L. Lobel (MA Bar No. 693292)
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA 02210
Telephone: (617) 570-1000
Facsimile: (617) 523-1231
DG-AbsenDCt@goodwinlaw.com

Naomi L. Birbach (NY Bar No. 5201199)
GOODWIN PROCTER LLP
620 Eighth Avenue
New York, NY 10018
Telephone: (212) 813-8800
Facsimile: (212) 355-3333
DG-AbsenDCt@goodwinlaw.com

Melissa R. Smith (Texas Bar No. 24001351)
Harry L. Gillam, Jr. (Texas Bar No. 07921800)
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, TX 75670
Telephone: 903-934-8450
Facsimile: 903-934-9257
melissa@gillamsmithlaw.com
gil@gillamsmithlaw.com

***Counsel for Shenzhen Absen Optoelectronic Co., Ltd. and Absen, Inc.***

3

/s/ Jeffrey L. Johnson
Jeffrey L. Johnson
State Bar No. 24029638
ORRICK, HERRINGTON &SUTCLIFFE LLP
609 Main, 40th Floor
Houston, TX 77002
Telephone: 713.658.6450
Facsimile: 713.658.6401
jj@orrick.com

J. Mark Mann
State Bar No. 12926150
MANN TINDEL &THOMPSON
300 W. Main
Henderson, TX 75652
903/657-8540
Fax: 9036576003
mark@themannfirm.com

***Attorneys for Defendant***
***Yaham Optoelectronics Co., Ltd.***

## CERTIFICATE OF SERVICE

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served this 4th day of November, 2020, with a copy of this document *via* the Court's CM/ECF system per Local Rule CV-5(a)(3).

/s/ Harry L. Gillam, Jr.
Harry L. Gillam, Jr.

4