IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| ULTRAVISION TECHNOLOGIES, LLC, | § | |
|---|---|---|
| | § | |
| *Plaintiff*, | § | |
| | § | Case No. 2:18-cv-00100-JRG-RSP |
| v. | § | LEAD CASE |
| | § | |
| GOVISION LLC, | § | |
| | § | |
| *Defendant*. | § | |

**MEMORANDUM ORDER**

Before the Court is the Motion for Required Findings of Fact Based on Issue Preclusion and Judicial Estoppel ("Motion") filed by Defendants Shenzhen Absen Optoelectronic Co., Ltd. and Absen, Inc. (collectively, "Absen") **Dkt. No. 638**. Absen's Motion seeks the entry of findings of fact in the above-captioned litigation on the basis of issue preclusion and judicial estoppel with respect to an arbitration decision regarding a misappropriation claim by third-party Shenzhen Only against Plaintiff Ultravision Technologies, LLC.

I. **ISSUE PRECLUSION**

Absen argues that "[i]ndeed, the Court's order notes that 'Ultravision is precluded from disputing' the arbitrator's findings that 'Ultravision misappropriated SO's trade secrets and disclosed them in the challenged patents' specifications.'" Dkt. No. 638 at 2. The sentence in the Court's Report and Recommendation from which Absen draws this statement reads in full, "**Absen's argument** for invalidity is founded on **the argument** that if Ultravision misappropriated SO's trade secrets and disclosed them in the challenged patents' specifications (which Ultravision is precluded from disputing) then it necessarily follows that the patents at issue are invalid for

1

failing to name the proper inventors." Dkt. No. 626 at 6 (emphasis added). The following sentence reads, "[h]owever, this conclusion does not necessarily follow from the premise." *Id.*

The Court's Report and Recommendation proceeds to explain that the first element of issue preclusion is that "the issue at stake must be identical to the one involved in the prior action" and that "the issue at stake here is not identical to the one involved in the prior action." *Id.* at 6 (quoting *United States ex rel Gage v. Rolls-Royce N. Am., Inc.*, 760 F. App'x 314, 317 (5th Cir. 2019) (quoting *In re Southmark Corp.*, 163 F.3d 925, 932 (5th Cir. 1999))). The Court does not "note" that "Ultravision is precluded from disputing" the arbitrator's findings, but rather indicates that this is part of Absen's argument. What the Court does note is "the arbitrator expressly states that '[t]he case is not concerned with inventions in the Patents, which are contained in the claims. It is concerned with the disclosures in those Patents.'" *Id.* (citing Dkt. No. 362-5 at 7).

The Court then notes that "Absen's motion asks the Court to disregard this clear statement that the issue is not the inventions contained in the claims but rather the technology contained in the disclosure—that is, the specification. Absen does this without any analysis of the patent claims themselves." The Court made this finding to resolve Absen's Motion for Summary Judgment that U.S. Patent Nos. 9,642,272; 9,916,782; 9,978,294; 9,990,869; and 10,248,372 Are Invalid for Improper Inventorship (Dkt. No. 331), but the finding still stands: the arbitration is not concerned with inventions in the patents, which are contained in the claims, but rather with the disclosures in those patents.

Accordingly, the Court should not and will not accord issue preclusive effect to those arbitral findings regarding the disclosures in the patents, not the patent claims themselves.

2

## II.  JUDICIAL ESTOPPEL

Absen argues that Ultravision brought an action against Shenzhen Only for patent infringement in this Court and obtained a default judgment against Shenzhen Only. Dkt. No. 638 at 3. Absen asserts that in the patent infringement case against Shenzhen Only, Ultravision specifically alleged that Shenzhen Only's V-series Ultrapanel is waterproof but argues in the above-captioned matter that Shenzhen Only's V-series Ultrapanel is not waterproof. *Id.* Absen concludes that "[j]udicial estoppel prevents Ultravision from taking this directly contrary position in separate cases before the same Court." *Id.*

"The doctrine of judicial estoppel prevents a party from asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding." *Reed v. City of Arlington*, 650 F.3d 571, 573–74 (5th Cir. 2011). "In assessing whether judicial estoppel should apply" the Fifth Circuit looks to three elements: whether "(1) the party against whom judicial estoppel is sought has asserted a legal position which is plainly inconsistent with a prior position; (2) a court accepted the prior position; and (3) the party did not act inadvertently." *Id.* at 574. "Under general principles of judicial estoppel, a party cannot advance one argument and then, for convenience or gamesmanship after that argument has served its purpose, advance a different and inconsistent argument." *Hotard v. State Farm Fire & Cas. Co.*, 286 F.3d 814, 818 (5th Cir. 2002).

In Ultravision's First Amended Complaint in the previous litigation against Shenzhen Only, Ultravision asserted, "Shenzhen Only's Accused V-Series Products comprise a printed circuit board . . . wherein each of the plurality of modular display panels comprises only one printed circuit board. . . . as represented by Shenzhen Only in the email above, the modular display panel is sealed to be waterproof." Dkt. No. 638-12 at ¶¶ 62–63.

Ultravision responds with the arguments (1) judicial estoppel has not been pled; (2) Ultravision's positions are not "plainly inconsistent;" and (3) exercise of judicial estoppel would be manifestly unfair. Dkt. No. 652 at 8–11. Ultravision argues judicial estoppel must be pled and asserts that while ten defenses are raised, including a prosecution history estoppel defense, judicial estoppel is not affirmatively pled by Absen in their answer to Ultravision's complaint. *Id.* at 9 (citing *United States ex rel. Am. Bank v. C.I.T. Constr. Inc. of Tex.*, 944 F.2d 253, 258 (5th Cir. 1991); Fed. R. Civ. P. 8(c)(1) ("a party shall set forth affirmatively . . . estoppel . . . and any other matter constituting an avoidance or affirmative defense.")).

Federal Rule of Civil Procedure 8(c)(1) plainly states, "[i]n responding to a pleading, a party must affirmatively state any avoidance or affirmative defense, including: . . . estoppel . . . ." Fed. R. Civ. P. 8(c)(1). In *U.S. for Use of American Bank*, the Fifth Circuit clearly stated, "failure to timely raise estoppel generally constitutes a waiver. We hold that [appellant] cannot raise the doctrine of judicial estoppel . . . because its failure to plead estoppel means that it waived the issue." *United States ex rel. Am. Bank*, 944 F.2d at 258. The Fifth Circuit has found appellate courts may raise judicial estoppel in "especially egregious case[s] wherein a party has successfully asserted a directly contrary position." *Beall v. U.S.*, 467 F.3d 864, 870 (5th Cir. 2006) (citing *United States ex rel. Am. Bank*, 944 F.2d at 258).

The Court does not find the present circumstances to be the sort that fall outside the statement that "failure to timely raise estoppel generally constitutes a waiver." *See United States ex rel. Am. Bank*, 944 F.2d at 258. Although judicial estoppel may be proper to apply in "especially egregious case[s]," the Court does not find the inconsistency between Ultravision's representation to the Court in its previous litigation against Shenzhen Only and the present matter to be egregious. *See Beall*, 467 at 870.

The previous litigation against Shenzhen Only was resolved by default judgment. Dkt. No. 638-13. As Ultravision argues in their response, no claim construction was performed over the course of the litigation against Shenzhen Only, and the case was not fully litigated with discovery and thorough analysis of the products at issue. *See Ultravision Technologies, LLC v. Shenzhen Only Optoelectronic Tech Co Ltd.*, Case No. 2:16-cv-00895-JRG-RSP. Furthermore, the allegation that the panel was waterproof was expressly based on an email from Shenzhen Only concerning the features of its product, rather than upon any analysis by Ultravision. The Court finds this not to be an exception to the requirements of Rule 8(c). Accordingly, Absen has waived the affirmative defense of judicial estoppel.

### III. CONCLUSION

For the reasons set forth above, Absen's Motion (Dkt. No. 638) is DENIED.

**SIGNED this 25th day of May, 2021.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE